UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 1:21-cr-00315 (RCL) |
| v. | : | |
| | : | |
| JAMES LITTLE, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply sentencing memorandum in accordance with the Court's February 7, 2022 Order directing the parties to address the Court's authority to impose a split sentence. ECF No. 34.

**I.      The Court has the Authority to Impose a Split sentence**

The Court's February 7, 2022 Order directed the Government and Defendant James Little ("Little") to address whether the Court is empowered to impose a split sentence, i.e., a term of imprisonment of up to 6 months followed by a term of probation. Contrary to the defendant's assertion, the issue before the Court is not whether a split sentence is available in convictions for "multiple felony counts, multiple class A misdemeanors, or any combination of both." Def. Mem., ECF No. 37 at 2. Rather, the issue is whether the governing statute allows for imposition of a split sentence for a petty offense.

The statute, 18 U.S.C. § 3561(a)(3), provides that a defendant "may be sentenced to a term of probation unless . . . the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense." The Government comprehensively analyzed the interplay of: 1)the two statutes at issue, 18 U.S.C. §§ 3551(b) and 3561; 2) the

1

legislative history and subsequent 1994 amendment to § 3561 which added the phrase "that is not a petty offense" to § 3561; 3) the relevant case law; and 4) several legal treatises, supporting the Government's argument that a Court may impose a split sentence in a conviction for a petty offense. Gov't Sentencing Mem., ECF No. 31 at 17-24. In contrast, Little relies on *United States v. Spencer,* Case No. 1:21-cr-147-CKK, ECF No. 70 (D.D.C. Jan. 19, 2022). In *Spencer*, a judge of this Court granted a January 6 defendant's Motion to Correct Judgment Under Federal Rule of Criminal Procedure 35(a) and to Stay Entry of Judgment and Commitment Order after concluding that a reading of §§ 3551(b) and 3561 "leads to the conclusion that a district court must choose between probation and imprisonment when imposing a sentence for a petty offense." *Id.* at 5-6. The Government's Sentencing Memorandum addressed *Spencer*. As noted in the Government's Sentencing Memorandum, the honorable judge in *Spencer* did not give the phrase in § 3561(a)(3) "that is a not a petty offense" any meaning. Gov't Sentencing Mem., ECF No. 31 at 22-23. As such, the judge's reasoning in *Spencer* did not "give effect to every clause and word" in § 3561(a)(3). *Marx v Gen. Revenue Corp.*, 568 U.S. 371, 385 (2013). Little's memorandum fails to address this flaw and instead merely relies on the fact that other judges of the Court have yet to fully address this emerging issue.

Giving effect to each word and phrase in § 3561(a)(3) permits imposition of a split sentence because the specific provision governing the issue, 18 U.S.C. § 3561(a)(3), states a defendant "may be sentenced to a term of probation *unless* . . . the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense *that is not a petty offense*." 18 U.S.C. § 3561(a)(3)(emphasis added). Little stands convicted of one offense, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G), a petty offense under the law. Because the defendant is not being sentenced for an offense "that is not a petty offense,"

2

the prohibition in § 3561(a)(3) against imposition of a probationary sentence and a custodial sentence is not applicable here. As such, the Court is not barred from imposing a split sentence of 1-month incarceration followed by 36 months' probation.

### II. Imposition of a 1-Month Sentence of Imprisonment Would Not Create a Disparate Sentence From Other January 6 Defendants

Next, Little's Sentencing Memorandum addressed the need to avoid unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6).[1] Little argues that a non-custodial sentence is appropriate but as the Court noted during the rare fast-tracked guilty plea and sentence in *United States v. Morgan-Lloyd,* 1:21-cr-00164 (RCL), ECF No. 26 (D.D.C. June 23, 2021), a probationary sentence should not necessarily become the default sentence in convictions arising out of 40 U.S.C. § 5104(e)(2)(G) offenses. *Id.*, Tr. 6/23/2021 at 19 ("I don't want to create the impression that probation is the automatic outcome here because it's not going to be."). The thrust of Little sentencing disparity argument is that the Government's sentencing position in this case is entirely inconsistent with positions it took during earlier January 6 prosecutions. Def. Sentencing Mem., ECF No. 37 at 4-27. In particular, Little cites to cases such as *United States v. Ehrke*, 1:21-cr-00097(PEF); *United States v. Morgan-Lloyd,* 1:21-cr-00164 (RCL); and *United States v. Wangler*, 1:21-cr-00365(DLF) and *United States v. Harrison*, 1:21-cr-00365(DLF) to support his contention. These cases are also easily distinguishable in that those defendants were convicted and sentenced early in the process.

---

[1] This section of Little's memorandum clearly exceeds the scope of the Court's February 7 Order, which merely directed the parties to address whether the Court had the authority to impose a split sentence. ECF No. 34; *see also* Def.'s Unopposed Mot. to Continue Sentencing Hearing, ECF No. 32(seeking to continue sentencing hearing but silent as to an extension of time to file a general sentencing memorandum).

Further distinguishing Little's case from those cases and the others cited in Little's memorandum is Little's entry into a sensitive area, the Senate Gallery. Little asserts that he had no knowledge that the certification process was underway on January 6 and "the events were long over before he arrived." Def. Sentencing Mem., ECF No. 37 at 26. Little's assertion that he had no knowledge of the certification process is not credible. It was common knowledge that certain members of the House of Representatives would raise objections to certifying certain state electoral ballots and certain United States Senators were expected to support the objections.[2] It was the very reason the former President called for the rally that day and then directed the rioters to march to the Capitol. Further, as evident by Little's video content on his YouTube page, "Little Drummer Boy 1970 Little," Little closely followed the 2020 election. *See* Revised Final Presentence Report, ECF No. 36 at ¶ 54; *see also* https://www.youtube.com/channel/UCJ0LOx9IIe1d9ZIMW4eMtUQ/featured (last viewed March 7, 2022).

Little also argues that the Senate Gallery was unlike a private office area or the Senate Floor, which was intended for certain individuals and therefore Little's entry into this sensitive area "does not meaningfully affect the § 3353(a) factors in his case." Def. Sentencing Mem., ECF No. 37 at 26. As the Court may be aware, when the rioters initially entered the Senate floor on January 6, 2021, they did not do so through the doors. Rather, rioters entered the Senate gallery and then at least one of them climbed down to the Senate floor and opened the doors from the inside to let the other rioters in. Moreover, when interviewed by Federal Bureau of Investigation agents Little erroneously stated he entered the Senate Floor, which would have been visible from

---

[2] *See* https://www.foxnews.com/politics/electoral-college-objections-congress-what-to-know (published on January 6, 2021 at 6:29 am EST) (last viewed March 7, 2022).

the Senate Gallery.  Little did not leave the gallery immediately out of reverence for the chamber, recognition that he should not have been inside the gallery, or because of the solemnity of the then-stopped electoral certification process.  Instead, Little triumphantly took a picture of himself inside the gallery.  Little's actions were in keeping with his lack of remorse.

Little was 100 yards away from the Capitol when he saw law enforcement officers deploy tear gas to stop the oncoming rioters.  That did not stop him.  Little saw rioters climbing the scaffolding to gain entry into the Capitol.  That did not stop him. Little received an emergency medical alert informing him that his mother was ill.  That did not stop him.  Little was determined to enter the Capitol to unlawfully protest what he deemed was a stolen election. Based on Little's actions on January 6, the Court should grant the Government's request and sentence Little to 1-month incarceration and 36 months' probation.

Respectfully submitted,
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ MICHAEL G. JAMES
Michael G. James
Assistant United States Attorney
N.Y. Reg. No. 2481414
Office of the United States Attorney
Eastern District of North Carolina
(on detail to the USAO-D.C.)
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Mike.James@usdoj.gov

CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 8th day of March 2022, a copy of the foregoing Reply Memorandum was served on counsel for the defendant via CM/ECF.

> By: /s/ MICHAEL G. JAMES
> Michael G. James
> Assistant United States Attorney
> N.Y. Reg. No. 2481414
> Office of the United States Attorney
> Eastern District of North Carolina
> (on detail to the USAO-D.C.)
> 150 Fayetteville Street, Suite 2100
> Raleigh, NC 27601
> Mike.James@usdoj.gov