APPEAL,CAP,CAT A,CLOSED

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: <u>1:21−cr−00315−RCL</u>−1

Case title: USA v. LITTLE

Magistrate judge case number:  1:21−mj−00309−RMM

Date Filed: 04/23/2021

Assigned to: Judge Royce C. Lamberth

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **JAMES LITTLE** | represented by | **Peter Stewart Adolf** |
| | | FEDERAL PUBLIC DEFENDER |
| | | North Carolina |
| | | 129 West Trade Street |
| | | Suite 300 |
| | | Charlotte, NC 28202 |
| | | 704−374−0720 |
| | | Fax: 704−374−0722 |
| | | Email: <u>peter_adolf@fd.org</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Public Defender or Community Defender Appointment* |

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| 18:1752(a)(1); TEMPORARY RESIDENCE OF THE PRESIDENT; Entering and Remaining in a Restricted Building or Grounds<br>(1) | Dismissed on Government's Motion [44] |
| 18:1752(a)(2); TEMPORARY RESIDENCE OF THE PRESIDENT; Disorderly and Disruptive Conduct in a Restricted Building or Grounds<br>(2) | Dismissed on Government's Motion [44] |
| 40:5104(e)(2)(D); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Disorderly Conduct in a Capitol Building or Grounds | Dismissed on Government's Motion [44] |

(3)

| | |
|---|---|
| 40:5104(e)(2)(G); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Parading, Demonstrating, or Picketing in a Capitol Building (4) | Defendant is committed to the custody of the Bureau of Prisons for a term of 60 days followed by 36 months (3 years) of Probation as to Count 4. The Defendant is further ordered to pay a $10 special assessment. |

**Highest Offense Level (Opening)**

Misdemeanor

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| COMPLAINT in Violation of 18:1752(a)(1), 18:1752(a)(2), 40:5104(e)(2)(D) and 40:5104(e)(2)(G) | |

---

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Michael Gordon James** DOJ–USAO Terry Sanford Federal Building 310 New Bern Avenue Suite 800 Raleigh, NC 27601–1461 919–856–4530 Email: mike.james@usdoj.gov *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: Assistant U.S. Attorney* |
| | | **Frederick Walton Yette** U.S. ATTORNEY'S OFFICE National Security Section 555 Fourth Street, NW Washington, DC 20018 (202) 252–7733 Fax: (202) 252–7792 Email: Frederick.Yette@usdoj.gov |

*TERMINATED: 11/12/2021*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/15/2021 | 1 | | SEALED COMPLAINT as to JAMES LITTLE (1). (Attachments: # 1 Statement of Facts) (zstd) [1:21−mj−00309−RMM] (Entered: 03/16/2021) |
| 03/15/2021 | 3 | | MOTION to Seal Case by USA as to JAMES LITTLE. (Attachments: # 1 Text of Proposed Order)(zstd) [1:21−mj−00309−RMM] (Entered: 03/16/2021) |
| 03/15/2021 | 4 | | ORDER granting 3 Motion to Seal Case as to JAMES LITTLE (1). Signed by Magistrate Judge Robin M. Meriweather on 03/15/2021. (zstd) [1:21−mj−00309−RMM] (Entered: 03/16/2021) |
| 03/24/2021 | | | Arrest of JAMES LITTLE. (ztl) (Entered: 04/27/2021) |
| 03/24/2021 | | | Arrest of JAMES LITTLE in North Carolina. (bb) (Entered: 12/21/2021) |
| 03/31/2021 | | | JOINT ORAL MOTION for Speedy Trial by USA, JAMES LITTLE as to JAMES LITTLE. (ztl) (Entered: 04/27/2021) |
| 03/31/2021 | | | ORAL MOTION to Appoint Counsel by JAMES LITTLE. (ztl) (Entered: 04/27/2021) |
| 03/31/2021 | | | Minute Entry for proceedings held before Magistrate Judge Zia M. Faruqui: Initial Appearance as to JAMES LITTLE held on 3/31/2021. Defendant present by video. Due Process Order given to the Government. Oral Motion to Appoint Counsel by JAMES LITTLE (1); heard and granted. Joint Oral Motion for Speedy Trial as to JAMES LITTLE (1); heard and granted. Speedy Trial Excluded from 3/31/2021 to 6/2/2021 in the Interest of Justice (XT). Defendant waives Preliminary Hearing. Status Hearing set for 6/2/2021 at 1:00 PM by Telephonic/VTC before Magistrate Judge Zia M. Faruqui. Bond Status of Defendant: Defendant Remain on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Peter Adolf; US Attorney: Jacob Steiner for Frederick Yette; Pretrial Officer: John Copes. (ztl) (Entered: 04/27/2021) |
| 03/31/2021 | 10 | | ORDER Setting Conditions of Release as to JAMES LITTLE (1) Personal Recognizance. Signed by Magistrate Judge Zia M. Faruqui on 3/31/2021. (ztl) (Entered: 04/27/2021) |
| 04/15/2021 | 6 | | MOTION to Unseal Case by USA as to JAMES LITTLE. (Attachments: # 1 Text of Proposed Order)(bb) [1:21−mj−00309−RMM] (Entered: 04/15/2021) |
| 04/16/2021 | 7 | | ORDER Granting 6 MOTION to Unseal Case by USA as to JAMES LITTLE (1). Signed by Magistrate Judge G. Michael Harvey on 4/16/2021. (zpt) [1:21−mj−00309−RMM] (Entered: 04/16/2021) |
| 04/16/2021 | | | Case unsealed as to JAMES LITTLE (zltp) [1:21−mj−00309−RMM] (Entered: 04/16/2021) |
| 04/23/2021 | 8 | | INFORMATION as to JAMES LITTLE (1) count(s) 1, 2, 3, 4. (bb) (Entered: 04/26/2021) |
| 04/27/2021 | | | MINUTE ORDER as to JAMES LITTLE: Arraignment set for 6/2/2021 at 01:00 PM in Telephonic/VTC before Judge Royce C. Lamberth. Signed by |

| | | | |
|---|---|---|---|
| | | | Judge Royce C. Lamberth on 4/27/2021. (lcrcl3) (Entered: 04/27/2021) |
| 04/30/2021 | 11 | | NOTICE OF ATTORNEY APPEARANCE: Peter Stewart Adolf appearing for JAMES LITTLE (Adolf, Peter) (Entered: 04/30/2021) |
| 06/02/2021 | | | Minute Entry for video Arraignment held before Judge Royce C. Lamberth as to JAMES LITTLE on 6/2/2021. Defendant arraigned and enters a Plea of Not Guilty as to Counts 1–4. Defendant waives the formal reading of the information. Status Conference set for 7/13/2021 at 11:00 AM by VTC before Judge Royce C. Lamberth. The Court finds it in the interest of justice to toll the speedy trial clock from 6/2/2021 through 7/13/2021. Bond Status of Defendant: remains on personal recognizance (present via telephone). Court Reporter: Elizabeth Saint–Loth; Defense Attorney: Peter Stewart Adolf; US Attorney: Frederick Walton Yette. (lsj) Modified on 6/3/2021 (zlsj). (Entered: 06/02/2021) |
| 06/22/2021 | 13 | | Unopposed MOTION for Protective Order by USA as to JAMES LITTLE. (Attachments: # 1 Text of Proposed Order)(Yette, Frederick) (Entered: 06/22/2021) |
| 06/29/2021 | 14 | | ORDER granting 13 Motion for Protective Order as to JAMES LITTLE (1). Signed by Judge Royce C. Lamberth on 6/29/2021. (lcrcl3) (Entered: 06/29/2021) |
| 07/12/2021 | 16 | | STATUS REPORT *REGARDING STATUS OF DISCOVERY* by USA as to JAMES LITTLE (Attachments: # 1 Exhibit)(Yette, Frederick) (Entered: 07/12/2021) |
| 07/13/2021 | | | Minute Entry for proceedings held before Judge Royce C. Lamberth: Status Conference as to JAMES LITTLE (1) held on 7/13/2021. The Court finds that the period from July 13, 2021 through August 31, 2021, inclusive, is excluded from the Speedy Trial calculation in the Interest of Justice (XT). Excludable started as to JAMES LITTLE (1). Status Conference set for 8/31/2021 at 10:00 AM in Telephonic/VTC before Judge Royce C. Lamberth. Bond Status of Defendant: remains on Personal Recognizance Bond (PR)/appeared via video; Court Reporter: Sara Wick;Defense Attorney: Peter Adolf; US Attorney: Fred Yette. (znbn) (Entered: 07/13/2021) |
| 07/13/2021 | | | Set/Reset Hearings as to JAMES LITTLE:Status Conference set for 8/31/2021 at 10:00 AM in Telephonic/VTC before Judge Royce C. Lamberth. (nbn) (Entered: 07/14/2021) |
| 08/30/2021 | 18 | | STATUS REPORT *Regarding Status of Discovery as of August 23, 2021* by USA as to JAMES LITTLE (Yette, Frederick) (Entered: 08/30/2021) |
| 08/31/2021 | | | Minute Entry for proceedings held before Judge Royce C. Lamberth: Status Conference as to JAMES LITTLE (1) held on 8/31/2021: The Court will Toll Speedy Trial from August 31, 2021 through October 5, 2021. Excludable started as to JAMES LITTLE (1). Status Conference set for 10/5/2021 at 10:00 AM in Telephonic/VTC before Judge Royce C. Lamberth. Bond Status of Defendant: remains on Personal Recognizance Bond (PR)/appeared via video; Court Reporter: Crystal Pilgrim; Defense Attorney: Peter Adolf; US Attorney: Fred Yette. (nbn) (Entered: 08/31/2021) |
| 10/05/2021 | | | Minute Entry for proceedings held before Judge Royce C. Lamberth: Status Conference as to JAMES LITTLE (1) held on 10/5/2021. The Court will Toll |

| | | | |
|---|---|---|---|
| | | | Speedy Trial from October 5, 2021 through November 16, 2021, in the interest of justice (XT). Excludable started as to JAMES LITTLE (1). Status Conference set for 11/16/2021 at 10:00 AM in Telephonic/VTC before Judge Royce C. Lamberth. Bond Status of Defendant: remains on PERSONAL RECOGNIZANCE BOND (PR)/appeared via video; Court Reporter: Bryan Wayne; Defense Attorney: Peter Adolf; US Attorney: Fred Yette. (nbn) (Entered: 10/05/2021) |
| 11/05/2021 | 20 | | STATUS REPORT *REGARDING DISCOVERY AS OF SEPTEMBER 14, 2021* by USA as to JAMES LITTLE (James, Michael) (Entered: 11/05/2021) |
| 11/05/2021 | 21 | | ENTERED IN ERROR.....NOTICE *OF FILING* by USA as to JAMES LITTLE (Attachments: # 1 MEMORANDUM REGARDING STATUS OF DISCOVERY AS OF OCTOBER 21, 2021)(James, Michael) Modified on 11/8/2021 (zstd). (Entered: 11/05/2021) |
| 11/05/2021 | 22 | | NOTICE *OF FILING* by USA as to JAMES LITTLE (Attachments: # 1 MEMORANDUM REGARDING STATUS OF DISCOVERY AS OF OCTOBER 21, 2021)(James, Michael) (Entered: 11/05/2021) |
| 11/05/2021 | | | NOTICE OF CORRECTED DOCKET ENTRY: as to JAMES LITTLE re 21 Notice (Other) was entered in error and counsel refiled said pleading. The correct document is filed at DE # 22. (zstd) (Entered: 11/08/2021) |
| 11/12/2021 | 23 | | NOTICE OF SUBSTITUTION OF COUNSEL as to USA. Attorney James, Michael Gordon added. (James, Michael) (Entered: 11/12/2021) |
| 11/15/2021 | | | NOTICE OF AMENDED HEARING as to JAMES LITTLE: Plea Agreement Hearing set for 11/16/2021 at 10:00 AM by VTC before Judge Royce C. Lamberth. (lsj) (Entered: 11/15/2021) |
| 11/16/2021 | | | Minute Entry for video Plea Agreement Hearing held before Judge Royce C. Lamberth as to JAMES LITTLE on 11/16/2021. Defendant sworn and enters a Plea of Guilty as to Count 4 of the Information. The Court accepts the Plea and the Defendant is found Guilty. Presentence investigation report ordered. Defendant's oral motion to amend pretrial conditions is TAKEN UNDER ADVISEMENT. Sentencing Memorandum due by 2/4/2022. Sentencing set for 2/11/2022 at 1:00 PM by VTC before Judge Royce C. Lamberth. Bond Status of Defendant: remains on personal recognizance. Court Reporter: Lisa Moreira; Defense Attorney: Peter Stewart Adolf; US Attorney: Mike James (stand–in for Frederick Walton Yette). (lsj) (Entered: 11/16/2021) |
| 11/16/2021 | 25 | | PLEA AGREEMENT as to JAMES LITTLE (1), " Let this be filed", by Judge Royce Lamberth (znbn) (Entered: 11/16/2021) |
| 11/16/2021 | 26 | | STATEMENT OF OFFENSE by USA as to JAMES LITTLE (1), " Let this be filed", by Judge Royce Lamberth. (nbn) (Entered: 11/16/2021) |
| 12/21/2021 | 27 | | Rule 5(c)(3) Documents Received as to JAMES LITTLE from US District Court Western Distric of North Carolina Case Number 3:21–mj–76– DSC (bb) (Entered: 12/21/2021) |
| 02/04/2022 | 31 | | SENTENCING MEMORANDUM by USA as to JAMES LITTLE (Attachments: # 1 Exhibit, # 2 Exhibit)(James, Michael) (Entered: 02/04/2022) |
| 02/04/2022 | 32 | | |

| | | | |
|---|---|---|---|
| | | | Unopposed MOTION to Continue *Sentencing Hearing* by JAMES LITTLE. (Adolf, Peter) (Entered: 02/04/2022) |
| 02/07/2022 | 34 | | ORDER granting 32 Motion to Continue as to JAMES LITTLE. Sentencing reset for 3/14/2022 at 10:00 AM by VTC before Judge Royce C. Lamberth. Defendant is further ORDERED to respond to the issue of whether a sentencing court has the authority to impose a "split sentence." See Order for more details. Signed by Judge Royce C. Lamberth on 2/7/2022. (lcrcl3) Modified on 2/9/2022 (lsj). (Entered: 02/07/2022) |
| 02/14/2022 | 35 | | NOTICE *OF FILING MEMORANDA REGARDING STATUS OF DISCOVERY AS OF FEBRUARY 9, 2022* by USA as to JAMES LITTLE (Attachments: # 1 Memorandum in Support)(James, Michael) (Entered: 02/14/2022) |
| 03/01/2022 | 37 | | SENTENCING MEMORANDUM by JAMES LITTLE (Attachments: # 1 Supplement : Letters of support re: sentencing)(Adolf, Peter) (Entered: 03/01/2022) |
| 03/08/2022 | 38 | | Supplemental SENTENCING MEMORANDUM by USA re 34 Order of the Court as to JAMES LITTLE (James, Michael) Modified to add link and text on 3/9/2022 (zstd). (Entered: 03/08/2022) |
| 03/09/2022 | 39 | | SUPPLEMENT by JAMES LITTLE re 37 Sentencing Memorandum *: Additional letter of support* (Adolf, Peter) (Entered: 03/09/2022) |
| 03/09/2022 | 40 | | LETTER as to JAMES LITTLE. "Let this be filed" by Judge Royce C. Lamberth on 3/9/2022. (zstd) (Entered: 03/10/2022) |
| 03/11/2022 | 42 | | SUPPLEMENT by JAMES LITTLE re 37 Sentencing Memorandum *Re: 18 U.S.C. § 3553(a)(6)* (Adolf, Peter) (Entered: 03/11/2022) |
| 03/14/2022 | 43 | | MEMORANDUM OPINION as to JAMES LITTLE. Signed by Judge Royce C. Lamberth on 3/14/2022. (lcrcl2) (Entered: 03/14/2022) |
| 03/14/2022 | 44 | | MOTION to Dismiss Count *One through Three of the Information* by USA as to JAMES LITTLE. (Attachments: # 1 Text of Proposed Order)(James, Michael) (Entered: 03/14/2022) |
| 03/14/2022 | | | Minute Entry for video Sentencing held before Judge Royce C. Lamberth on 3/14/2022 as to JAMES LITTLE. It is the judgment of the Court, as to Count 4, the Defendant is committed to the custody of the Bureau of Prisons for a term of 60 days followed by 36 months (3 years) of Probation. The Defendant is further ordered to pay a $10 special assessment. Bond Status of Defendant: personal recognizance; Court Reporter: Lisa Bankins; Defense Attorney: Peter Stewart Adolf; US Attorney: Michael Gordon James; Prob Officer: Aidee Gavito. (lsj) Modified on 3/16/2022 (lsj). (Entered: 03/15/2022) |
| 03/15/2022 | 45 | | ORDER granting Government's Motion 44 to Dismiss Counts One through Three of the Information as to JAMES LITTLE. Signed by Judge Royce C. Lamberth on 3/14/2022. (lsj) (Entered: 03/15/2022) |
| 03/17/2022 | 48 | | JUDGMENT as to JAMES LITTLE. Statement of Reasons Not Included. Signed by Judge Royce C. Lamberth on 3/17/2022. (zstd) (Entered: 03/18/2022) |
| 03/17/2022 | 49 | | STATEMENT OF REASONS as to JAMES LITTLE re 48 Judgment Access to the PDF Document is restricted per Judicial Conference Policy. Access is |

| | | | |
|---|---|---|---|
| | | | limited to Counsel of Record and the Court. Signed by Judge Royce C. Lamberth on 3/17/2022. (zstd) (Entered: 03/18/2022) |
| 03/21/2022 | 50 | | NOTICE OF APPEAL – Final Judgment by JAMES LITTLE re 48 Judgment, 43 Memorandum Opinion. Fee Status: No Fee Paid. Parties have been notified. (Adolf, Peter) (Entered: 03/21/2022) |

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

            Plaintiff,

    vs.

JAMES LESLIE LITTLE,

        Defendant.

DOCKET NO. 1:21 CR 315

**NOTICE OF APPEAL**

James Leslie Little, by and through his attorney of record, Assistant Federal Public Defender Peter Adolf, hereby gives notice, pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, that he is appealing the conviction and sentence announced on March 14, 2022 and entered March 18, 2022 by the Honorable Royce C. Lamberth to the United States Court of Appeals for the District of Columbia Circuit.

Respectfully submitted:

  s/ Peter Adolf
Peter Adolf
Assistant Federal Public Defender
North Carolina Bar No. 37157
Attorney for James Leslie Little
Federal Public Defender, Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720 (phone)
(704) 374-0722 (fax)
Peter_Adolf@fd.org

DATE: March 21, 2022

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 1

# UNITED STATES DISTRICT COURT

District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| JAMES LITTLE | Case Number:  21-CR-315 (RCL) |
| | USM Number:  26667-509 |
| | Peter Stewart Adolf |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)   Four (4) of the Information

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 40 USC § 5104(e)(2)(G) | Parading, Demonstrating or Picketing in a Capitol Building | 1/6/2021 | 4 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   One through Three   ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/14/2022
Date of Imposition of Judgment

Signature of Judge

Honorable Royce C. Lamberth, U.S.D.C. Judge
Name and Title of Judge

3/17/22
Date

AO 245B (Rev. 09/19)  Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page   **2**   of   **7**

DEFENDANT:   JAMES LITTLE
CASE NUMBER:   21-CR-315 (RCL)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

60 days

☑ The court makes the following recommendations to the Bureau of Prisons:

    Placement for the Defendant at Catawba County Jail.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at  _____ ☐ a.m. ☐ p.m.  on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on  _____ .

    ☑ as notified by the United States Marshal or as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　Sheet 4—Probation

Judgment—Page    3    of    7

DEFENDANT:   JAMES LITTLE
CASE NUMBER:   21-CR-315 (RCL)

# PROBATION

You are hereby sentenced to probation for a term of:

　　36 months (3 years)

# MANDATORY CONDITIONS

1.　You must not commit another federal, state or local crime.
2.　You must not unlawfully possess a controlled substance.
3.　You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.
　　　☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.　☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5.　☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6.　☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7.　☑ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8.　You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9.　If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10.　You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 4A — Probation

Judgment—Page __4__ of __7__

DEFENDANT: JAMES LITTLE
CASE NUMBER: 21-CR-315 (RCL)

## STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 4B — Probation

Judgment—Page __5__ of __7__

DEFENDANT:   JAMES LITTLE
CASE NUMBER:   21-CR-315 (RCL)

## ADDITIONAL PROBATION TERMS

The Court authorizes supervision of this case to be transferred to the United States District Court for the Western District of North Carolina.

You are ordered to make restitution to Architect of the Capitol Building in the amount of $500. Restitution payments shall be made to the Clerk of Court for the United States District Court, District of Columbia.
SEE PAGE 6 FOR DISBURSEMENT DETAILS.

You shall abide by the following special condition:

Social Media Restriction -- You shall not access, view or use any online social media, chat services, blogs, instant messages, SMS, MMS, digital photos, video sharing websites, emails or any other interactive, online or electronic communication applications or sites without the approval of the Probation Officer.

The Probation Office shall release the presentence investigation report to all appropriate agencies, which includes the United States Probation Office in the approved district of residence, in order to execute the sentence of the Court. Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

NOTICE OF APPEAL

Pursuant to 18 USC § 3742, you may have a right to appeal the sentence imposed by this Court . If you choose to appeal, you must file any appeal within 14 days after the Court enters judgment.

As defined in 28 USC § 2255, you also have the right to challenge the conviction entered or sentence imposed if new and currently unavailable information becomes available to you or, on a claim that you received ineffective assistance of counsel in entering a plea of guilty to the offense(s) of conviction or in connection with sentencing.

If you are unable to afford the cost of an appeal, you may request permission from the Court to file an appeal without cost to you.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page   6   of   7

DEFENDANT: JAMES LITTLE
CASE NUMBER: 21-CR-315 (RCL)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 10.00 | $ 500.00 | $ | $ | $ |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Architext of the Capitol | $500.00 | $500.00 | |
| Office of the Chief Financial Officer | | | |
| Attention: Kathy Sherrill, CPA | | | |
| Ford House Office Building | | | |
| Room H2-205B | | | |
| Washington, DC 20515 | | | |

| | | |
|---|---|---|
| **TOTALS** | $            500.00 | $            500.00 |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☑  the interest requirement is waived for the   ☐ fine   ☑ restitution.

   ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___7___

DEFENDANT:  JAMES LITTLE
CASE NUMBER:  21-CR-315 (RCL)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑  Lump sum payment of $ __510.00__ due immediately, balance due

      ☐  not later than _____ , or
      ☐  in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
      term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
      imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:

      The financial obligations are immediately payable to the Clerk of the Court for the U.S. District Court, 333
      Constitution Ave NW, Washington, DC 20001. Within 30 days of any change of address, you shall notify the Clerk
      of the Court of the change until such time as the financial obligation is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.                                                          Case No. 1:21-cr-315-RCL

JAMES LESLIE LITTLE,

　　　　　*Defendant.*

## MEMORANDUM OPINION

Defendant James Leslie Little pleaded guilty in this matter for his participation in the unsuccessful insurrection at the United States Capitol on January 6, 2021. In its sentencing memorandum, the government requested that the Court impose a "split sentence"—thirty days of imprisonment followed by thirty-six months of probation. Gov't Sentencing Mem. ("Gov't Mem.") 17, ECF No. 31. The Court ordered Little to respond to the issue of whether the Court has authority to impose a split sentence. Order, ECF No. 34. Little responded, Def.'s Mem., ECF No. 37, and the government replied, ECF No. 39.

Upon consideration of the parties' filings, applicable law, and the arguments set forth at the sentencing hearing, the Court sentenced Little to sixty days' imprisonment and thirty-six months' probation. This memorandum opinion elaborates on the Court's reasoning as to why a split sentence is permissible under law and warranted by the circumstances of this case.

## I.    BACKGROUND

January 6, 2021, marked a tragic day in American history. The peaceful transfer of power—one of our most important and sacred democratic processes—came under a full-fledged assault. While the immediate threat may have subsided, the damage from January 6 persists. Rioters interrupted the certification of the 2020 Electoral College vote count, injured more than one hundred law enforcement officers, and caused more than a million dollars of property damage

1

to the U.S. Capitol.   Some of the rioters—now defendants in criminal cases—directly contributed to this violence by assaulting members of law enforcement or by planning, preparing, and facilitating this violence.   Others, like Little here, did not directly assault officers.   But even Little and those who engaged in this "lesser" criminal conduct were an essential component to the harm. Law-enforcement officers were overwhelmed by the sheer swath of criminality.   And those who engaged in violence that day were able to do so because they found safety in numbers.

For certain types of offenses, the Court may sentence a defendant to a term of imprisonment followed by a term of supervised release, which serves as "a form of postconfinement monitoring overseen by the sentencing court." *Johnson v. United States*, 529 U.S. 694, 697 (2000).   Offenders on supervised release must abide by certain conditions specified by statute or imposed by the court. *Id.*   This monitoring is designed to prevent the offender's recidivism.   *See United States v. Cary*, 775 F.3d 919, 923 (7th Cir. 2015).

Petty offenders, however, are not eligible for supervised release.   *See* 18 U.S.C. § 3583(b)(3).   Little pleaded guilty to Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).   Plea Agr. 1, ECF No. 25.   The statutory maximum term of imprisonment for this offense is six months.   40 U.S.C. § 5109(b).   Under the U.S. Code, Little's offense is a petty offense.   *See* 18 U.S.C. § 3559(a)(7) (offense with a six-month maximum term of imprisonment is classified as Class B misdemeanor); 18 U.S.C. § 19 (Class B misdemeanors are "petty offense[s]").   So supervised release is not available in Little's case.

There is no question that the Court has the authority to sentence Little to a term of imprisonment or probation.   *See, e.g.*, 40 U.S.C. § 5109(b); 18 U.S.C. § 3561(c).   And for defendants who are sentenced to probation, it is also well-established that the Court may impose "intervals" of imprisonment—like "nights" or "weekends"—as a condition of probation.

2

18 U.S.C. § 3563(b)(10). But the government did not make this request in Little's case, given the COVID-19 safety concerns inherent in repeatedly entering and leaving detention facilities. Gov't. Mem. 24. The Court agrees that imposing such a sentence would be unwise. Instead, the government requested a "split sentence"—a term of imprisonment followed by a term of probation. *Id.* at 1, 17 (quoting *Foster v. Wainwright*, 820 F. Supp. 2d 36, 37 n.2 (D.D.C. 2011)).

January 6 defendants like Little present a unique challenge for the Court at sentencing. On one hand, the Court believes that *some* term of imprisonment is essential to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The nature and circumstances of Little's offense are serious. Little unlawfully entered the Capitol despite conceding that he witnessed law-enforcement officers deploy tear gas and fire rubber bullets to disperse rioters attempting to enter the Capitol. He did not turn back after seeing protestors attempting to unlawfully enter the Capitol by scaling the still-under-construction Inauguration scaffolding. Nor did he turn back when his mother had a medical emergency. Little then entered the Senate Gallery—one of the Capitol's most sensitive areas. It cannot be understated that participation of rioters like Little—while not necessarily violent or destructive—was essential in empowering rioters to interrupt the Electoral College certification. His conduct calls for a period of imprisonment.

On the other hand, many of these cases—Little's included—demand lengthier involvement from the Court to "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553; *see United States v. Wiedrich*, No. 1:21-cr-581 (TFH), 1/27/2022 Tr. 23 (D.D.C.), ECF No. 33 ("I am purposely making the probation to cover the next general election, in 2024, to ensure you do not fall victim to following false Gods again."). The Court often finds it difficult to ascertain the sincerity of these particular defendants' remorse.

Many defendants appear sincere at sentencing, boasting of their purportedly deep shame, regret, and desire to change and be law-abiding citizens. But this Court is all too familiar with crocodile tears. Indeed, one day after being sentenced to probation, another January 6 defendant made statements in an interview that directly conflicted with the contrite statements that she made to the undersigned.

Fortunately, Little's sentencing does not present this dilemma. He is not remorseful for his conduct. Little boasted to others during and after the attack that, "We took the Capitol," and "We are stopping treason! Stealing elections is treason! We're not going to take it anymore!" And in his statements to the Federal Bureau of Investigation, Little continued to deflect responsibility for the violence onto Antifa, Black Lives Matter, and even the law enforcement officers overwhelmed by the rioters. He blamed *Capitol Police officers* for failing to prevent him from entering the Capitol. The letter that this Court received with excerpts from Little's social media further suggests that Little may not fully comprehend the wrongfulness of his actions. Little's criminal conviction is not the result of a "setup" or "trap," ECF No. 40 at 3—*he* chose to engage in criminal conduct on January 6, despite the obvious indicators at the Capitol that his conduct was wrong. And contrary to his Facebook post and the statements he made to the FBI, the riot was not "patriotic" or a legitimate "protest," *id.* at 5—it was an insurrection aimed at halting the functioning of our government. At his sentencing, Little did not retract any of his prior statements. He didn't apologize or acknowledge in any way that what he had done was wrong. Instead, he chose to criticize the FBI agents for not reading him his *Miranda* rights and requested that he be permitted to continue using firearms.

Only a split sentence would adequately serve the goals of sentencing described in 18 U.S.C. § 3553. Stated plainly, the Court must not only punish Little for his conduct but also ensure that

4

he will not engage in similar conduct again during the next election. Some term of imprisonment may serve sentencing's retributive goals. But only a longer-term period of probation is adequate to ensure that Little will not become an active participant in another riot.

The Court now turns to explaining why a split sentence is legally permissible when the defendant is sentenced to imprisonment for a petty offense.

## II.   DISCUSSION

Whether courts have the authority to impose a "split sentence"—or a term of imprisonment followed by a term of probation—in petty offense cases is an open question in this Circuit. In fact, there's a dearth of authority on the issue nationwide. The Fourth Circuit is apparently the only Court of Appeals to address the issue and concluded that the practice is permitted. *United States v. Posely*, 351 F. App'x 807, 809 (4th Cir. 2009) ("Unquestionably, the magistrate judge had the statutory authority under § 3561(a)(3) to sentence Posley to a term of six months of continuous imprisonment plus probation.").[1] The only other decision to address this issue, to the Court's knowledge, is *United States v. Spencer*. No. 1:21-cr-147 (CKK), slip op. at 6 (D.D.C. Jan. 19, 2022), ECF No. 70. There, another member of this Court reached the opposite conclusion, holding that the imposition of a split sentence for a petty offense is not permitted by statute. *Id.* In the absence of binding authority, the Court must determine for itself whether this practice is permitted. Upon consideration of the relevant statutory provisions, the Court concludes that split sentences in petty offense cases are authorized by statute.

The Court begins, as it must, with the text. "Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language

---

[1] The government also cites two treatises that agree with the Fourth Circuit. But neither contains any additional analysis beyond that in *Posely* and one relies explicitly on *Posely* for its conclusion. *See* Cyclopedia of Federal Procedure, § 50:203 (citing *Posely*); Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 547 n.13 (4th ed. 2021).

accurately expresses the legislative purpose." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 175 (2009) (internal quotation marks omitted)).  A Court must first determine whether the disputed statutory language "has a plain and unambiguous meaning."  *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997) (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240 (1989)). "[I]f the statutory language is unambiguous and 'the statutory scheme is coherent and consistent,'" a court need look no further.  *Id.* at 340.  Here, the statutory language, read in context, is dispositive.

## A. Overview Of Sentencing In The Federal System And The General Rule in 18 U.S.C. § 3551

The Court begins with an overview of the relevant statutory scheme.  Chapter 227 of Title 18 of the U.S. Code governs sentencing in the federal system.  *See* 18 U.S.C. §§ 3551–3586.  The chapter is split into four subchapters: subchapter A contains general provisions, *id.* §§ 3551–3559; subchapter B governs probation, *see id.* §§ 3561–3566; subchapter C governs fines, *see id.* §§ 3571–3574; and subchapter D governs imprisonment, *see id.* §§ 3581–3586.

Two sections speak directly to the issue in this case.  First, 18 U.S.C. § 3551, found in subchapter A (general provisions), states that "[e]xcept as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute, . . . shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in . . . section 3553(a)(2)."  *See id.* § 3551(a).  It continues:

> An individual found guilty of an offense shall be sentenced, in accordance with the provisions of section 3553, to—
>
>> (1) a term of probation as authorized by subchapter B;
>>
>> (2) a fine as authorized by subchapter C; *or*
>>
>> (3) a term of imprisonment as authorized by subchapter D.
>
> A sentence to pay a fine may be imposed in addition to any other sentence. . . .

*Id.* § 3551(b) (emphasis added).

6

The parties agree that § 3551(b) sets out probation and imprisonment as two mutually exclusive options.  Congress's use of the word "shall," as opposed to "may," "usually connotes a requirement."  *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171 (2016).  Here, § 3551(b) states that a defendant "shall be sentenced" to a term of probation, a fine, "or" a term of imprisonment.  The "or" is "a function word [that] indicate[s] an alternative."  *Or*, Webster's Third New International Dictionary 1585 (1961).  Section 3551(b) concludes by stating that "[a] sentence to pay a fine may be imposed in addition to any other sentence."  § 3551(b).  Accordingly, the government concedes that "as a general matter . . . 'a judge must sentence a federal offender to either a fine, a term of probation, or a term of imprisonment.'"  Gov. Mem. 18 (quoting *United States v. Kopp*, 922 F.3d 337, 340 (7th Cir. 2019)).  And the terms of § 3551(b) permit the imposition of a fine in addition to a sentence of probation or imprisonment.  Thus, § 3551(b) ordinarily makes probation and imprisonment mutually exclusive.

### B.  18 U.S.C. § 3561 Specifically Authorizes Sentencing Courts To Impose A Term Of Probation If The Defendant Is Sentenced To Imprisonment For Only Petty Offenses

The second relevant section, 18 U.S.C. § 3561, is found in the probation subchapter (subchapter B).  It provides:

> (a) In General.—A defendant who has been found guilty of an offense may be sentenced to a term of probation unless—
>
>> (1) the offense is a Class A or Class B felony and the defendant is an individual;
>>
>> (2) the offense is an offense for which probation has been expressly precluded; or
>>
>> (3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense *that is not a petty offense.*

*Id.* § 3561(a)(3) (emphasis added).  Section 3561 largely reiterates the same rule found in § 3551: a defendant who is sentenced "at the same time to a term of imprisonment" is ordinarily not eligible

for probation. *See id.* § 3561(a)(3); *United States v. Martin*, 363 F.3d 25, 35 (1st Cir. 2004). But the government contends that the phrase at the end of § 3561(a)(3)—"that is not a petty offense"—provides an exception to that general rule. Gov. Mem. 20. The Court agrees.

To begin, the Court will divide Section 3561 into its component parts. The statute begins with a grant of authority: when a defendant has been found guilty of a federal offense, he "may be sentenced to a term of probation." *Id.* § 3561(a). The next word—"unless"—signals that this grant of authority persists "except on the condition[s] that" are listed. *Unless*, Webster's Third New International Dictionary 2503 (1961). The relevant condition here is found in § 3561(a)(3). It states that the authority to impose probation does not extend to circumstances where "the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense." *Id.* § 3561(a)(3). The language "that is not a petty offense" modifies the language preceding it. Thus, while a defendant's sentence of a term of imprisonment *may* affect a court's ability to impose probation, the petty-offense clause limits this exception.

There are two possible ways that the petty-offense clause may interact with the language preceding it. Under the grammatical rule of the last antecedent, "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Paroline v. United States*, 572 U.S. 434, 447 (2014) (quoting *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003)) (ellipsis in original). The last antecedent here is the noun "offense." But is the "offense" in question "the same or a different offense" or only "a different offense"? Grammatically speaking, the "offense" at issue—and the backward reach of the petty-offense clause—turn on whether the word "same" functions as an adjective or a pronoun. If "same" is a pronoun, then the petty-offense clause would apply only to "a different offense" because a limiting clause will not ordinarily extend to another, earlier noun. But if "the same" functions as an

8

adjective, the petty-offense clause would extend to "the same or a different offense" because the adjectival phrase "the same or a different" identifies which "offense" is at issue. The court's determination about how to apply the petty offense clause modifier is "context dependent." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1169 (2021).

Here, the petty-offense clause extends to the "the same or a different offense" in its entirety because "same" functions as an adjective. The Court begins with the phrase itself. The phrase lacks "unexpected internal modifiers or structure." *Lockhart v. United States*, 577 U.S. 347, 352 (2016). No comma separates the phrases "the same" and "or a different offense." *See* Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 161 (2012) (explaining that punctuation "will often determine whether a modifying phrase or clause applies to all that preceded it or only to a part"). While "different offense" is set off by the word "a," the Court agrees with the government that this indefinite article is grammatically necessary. The determiner "the" preceding the word "same" would not naturally apply to an otherwise undefined "different offense." Stated differently, the sentence would be grammatically incorrect without the "a," and drafters are "presumed to be grammatical in their compositions." Scalia & Garner, *supra*, at 140. The phrase thus lacks obvious indicators that "same" is functioning as a pronoun or that the backward reach of the petty-offense clause should be limited to only "a different offense."

Moving beyond the phrase itself, there are additional indicators in the text that "same" is functioning as an adjective. First, the last antecedent rule would apply with equal force to "the same" if it was a pronoun. Thus, the reader would be required to look backward to determine the what "the same" is referring to. *See* Scalia & Garner, *supra*, at 144 ("A pronoun . . . generally refers to the nearest reasonable antecedent"). Here, that is a "heavy lift." *Lockhart*, 577 U.S. at 351. The reader would be required to reach back across several nouns within the

9

subprovision (i.e., "imprisonment," "defendant"), across two subprovisions within the section, and past another noun found in the section's introductory language (i.e., "term"). It may be improbable that "same" would refer to these other words in the context of the statute, but the clearest and closest indicator that "same" is referring to "offense" is the *subsequent* reference to "offense." Second, "same" is not used as a pronoun in the two preceding provisions to describe the instant offense for which the defendant is being sentenced. *See* § 3561(a)(1)–(2). Instead, the preceding provisions say "the offense." *Id.* And third, "same" is used in the same subprovision as an adjective. *See* § 3561(a)(3) ("the defendant is sentenced at the *same time*"). "[T]here is a natural presumption that identical words used in different parts of the same act are intended to have the same meaning." *Atl. Cleaners & Dyers, Inc. v. United States*, 286 U.S. 427, 433 (1932). All these textual clues support the Court's conclusion that Congress used "same" as an adjective in this context, and that the reach of the petty-offense clause should not be limited to only "a different offense."

When determining the meaning of statutes, courts also "may consider the common usage" of the relevant terms or phrases. *Inner City Broad. Corp. v. Sanders*, 733 F.2d 154, 158 (D.C. Cir. 1984) (citing *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 109 (1980). Congress's common usage of the phrase "the same or a different" in other statutes also supports the Court's conclusion. When used as part of the phrase "the same or a different" in other provisions of the U.S. Code, Congress consistently uses "the same" as an adjective modifying the noun following it. *See, e.g.*, 34 U.S.C. § 12475 ("[A]ssisting victims who need to leave a public housing, tribally designated housing, or assisted housing unit quickly to protect their safety, including those who are seeking transfer to a new public housing unit, tribally designated housing unit, or assisted housing unit, whether in *the same or a different neighborhood or jurisdiction* . . . ."

10

(emphasis added)); 5 U.S.C. § 8412a(b)(3) ("A phased retiree . . . may transfer to another position in *the same or a different agency*, only if the transfer does not result in a change in the working percentage." (emphasis added)); 10 U.S.C. § 1447(11)(B) ("A child who is a student is considered not to have ceased to be a student during an interim between school years if the interim is not more than 150 days and if the child shows to the satisfaction of the Secretary of Defense that the child has a bona fide intention of continuing to pursue a course of study or training in *the same or a different school* during the school semester . . . immediately after the interim." (emphasis added)).

A survey of the phrase's common usage across other legal contexts also confirms the Court's interpretation. Again, when used in the phrase "the same or a different," the "same" is consistently used as an adjective to modify the subsequent noun. *See, e.g.*, FRE 804(b)(1) ("Testimony given as a witness in *the same or a different* proceeding . . ." (emphasis added)); *Currier v. Virginia*, 138 S. Ct. 2144, 2155 (2018) (Gorsuch, J.) ("If issue preclusion really did exist in criminal law, why wouldn't it preclude the retrial of any previously tried issue, regardless whether that issue stems from *the same or a different* 'criminal episode'? (emphasis added)); Restatement (Second) of Judgments § 27 ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on *the same or a different* claim." (emphasis added)); *United States v. Mendoza*, 464 U.S. 154, 159 n.4 (1984) (Rehnquist, J.) ("Offensive use of collateral estoppel occurs when a plaintiff seeks to foreclose a defendant from relitigating an issue the defendant has previously litigated unsuccessfully in another action against *the same or a different* party." (emphasis added)).

Having considered these textual indicators, context, and common usage, the Court is persuaded that "same" is functioning as an adjective in this context. The petty-offense clause

11

clearly modifies "offense," and the particular "offense" at issue is described in the preceding phrase—"the same or a different." "When several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all." *Paroline v. United States*, 572 U.S. 434, 447 (2014) (quoting *Porto Rico Railway, Light & Power Co. v. Mor*, 253 U.S. 345, 348 (1920)); *see* 2A Shambie Singer & Norman J. Singer, Sutherland Statutes and Statutory Construction § 47:33 ("The last antecedent is 'the last word, *phrase*, or clause that can be made an antecedent without impairing the meaning of the sentence.'" (emphasis added)). Thus, the reach of the petty-offense clause extends all the way to "the same or a different offense."

While § 3561(a) limits a court's authority to impose a sentence of imprisonment followed by probation, this limitation does not apply if the underlying offense (or a different offense for which the defendant is sentenced to imprisonment in the same sentencing) is petty. In other words, § 3561(a) affirmatively authorizes a sentencing court to impose a sentence of probation when the defendant has been sentenced to imprisonment and the offenses for which he has been sentenced to imprisonment are petty.

The Court respectfully disagrees that "a plain reading" of § 3561 requires "a district court [to] choose between probation and imprisonment when imposing a sentence for a petty offense." *Spencer,* slip op. at 5 (quoting *Martin*, 363 F.3d at 35). Section 3561(a)(3) begins with a default rule—a court must choose between imprisonment and probation when sentencing a defendant. But the phrase "that is not a petty offense" qualifies that default rule with an exception. Interpreting § 3561 to treat imprisonment and probation as mutually exclusive under all circumstances renders the phrase "that is not a petty offense" meaningless. But courts "presume that Congress did not 'include words that have no effect,' and so [they] generally 'avoid a reading that renders some

words altogether redundant.'" *Mercy Hosp., Inc. v. Azar*, 891 F.3d 1062, 1068 (D.C. Cir. 2018) (citation omitted). The Court's interpretation here gives full meaning and effect to all the words in § 3561(a).

Finally, Little proposes another interpretation of § 3561(a)(3) divorced from any of these textual possibilities. He contends that when a federal judge sentences a defendant on multiple counts, the judge "decides on a sentence on the more serious counts . . . and then considers the sentences for any petty offenses separately, without being bound in any way by the decision on the more serious counts." Def.'s Mem. 3. This argument is meritless. Little focuses primarily on how the applicable Sentencing Guidelines are calculated when there are multiple counts, and the fact that the Sentencing Guidelines do not apply to petty offenses. *See* Def.'s Mem. 2–3. But the text of § 3561(a)(3) forecloses Little's interpretation. When a defendant is sentenced to imprisonment for a non-petty offense—whether that be for the same "or a different offense"— probation is not authorized. 18 U.S.C. § 3561(a)(3). But when the defendant is sentenced to imprisonment for petty offenses, a sentence of probation is permissible.

## C. Section 3561(a)(3) Provides An Exception To Section 3551's General Rule That Imprisonment and Probation Are Mutually Exclusive

Having determined the meaning of § 3561(a)(3), the next issue for the Court is how to interpret this provision in conjunction with § 3551(b). As explained below, § 3561 provides an exception to § 3551(b)'s default rule that imprisonment and probation are mutually exclusive. When the terms of § 3561's exception are met—that is, the defendant is sentenced to imprisonment only for a petty offense or offenses—§ 3561(a)(3) authorizes a sentencing court to impose a sentence of imprisonment and probation, despite the language in § 3551(b). This interpretation is consistent with the statutory text, structure, and context.

13

First, a plain-text reading of the statute leaves open the possibility of exceptions to the default rule that imprisonment and probation are mutually exclusive. Recall the opening provision of § 3551(a). The provisions within its chapter apply "except as otherwise specifically provided." 18 U.S.C. § 3551(a). So, by the terms of the statute itself, the default rule that imprisonment and probation are mutually exclusive will not apply if another provision "otherwise specifically provide[s]" an exception to that default rule. For the reasons explained above, the text of § 3561(a)(3) contains a specific provision that exempts petty offenses from this default rule and authorizes split sentences in petty-offense cases.

To the extent that there is any lingering ambiguity, other canons of interpretation only reinforce this conclusion. Even without the "otherwise specifically provided" language, "it is a commonplace of statutory construction that the specific governs the general." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992)). This canon is "most frequently applied to statutes in which a general permission or prohibition is contradicted by a specific prohibition or permission. To eliminate the contradiction, the specific provision is construed as an exception to the general one." *Id.* (citing *Morton v. Mancari*, 417 U.S. 535, 550–51 (1974)). That is the case here: Section 3561(a)(3)'s grant of authority provides a narrow exception to Section 3551(b)'s general rule.

This canon ensures that *all* of Congress's goals set forth in the text are implemented. As a leading treatise explains, "the specific provision comes closer to addressing the very problem posed by the case at hand and is thus more deserving of credence." Scalia & Garner, *supra*, at 183. The context of these statutes illustrates this principle. A court sentencing a defendant to a term of imprisonment may generally "include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a).

But supervised release is *not* authorized for petty offenses. *See id.* § 3583(b)(3). Thus, the authorization in Section 3561 provides an alternative way for the Court in petty-offense cases to engage in "postconfinement monitoring" after the defendant is released from imprisonment—by sentencing the defendant to a split sentence. *Johnson*, 529 U.S. at 697.[2]

A contrary interpretation—that the Court must "choose between probation and imprisonment when imposing a sentence for a petty offense," *Spencer,* slip op. at 5—results in surplusage. But the Court must be careful to, if possible, give meaning and effect to every word and provision. *Mercy Hosp.*, 891 F.3d at 1068. If Section 3551 requires imprisonment and probation to be mutually exclusive in *all* circumstances, then there are *no* circumstances in which Section 3561's narrow carveout for petty offenses would apply. Stated differently, the language in Section 3561(a)(3) would cease to have any meaning. The Court will not adopt such an interpretation. *See* 2A Singer & Singer, Sutherland Statutes and Statutory Construction § 46:6 ("It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute."). Treating Section 3561(a)(3) as a narrow exception to the rule in Section 3551 avoids that outcome.[3]

---

[2] A peek at the provisions' relative placement within Chapter 227 and the titles of the two relevant subchapters reinforces the idea that § 3561 functions as the specific exception to § 3551. While "subchapter heading[s] cannot substitute for the operative text of the statute," "statutory titles and sections are tools available for the resolution of a doubt about the meaning of a statute." *Fla. Dep't of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47 (2008) (internal quotation marks and citation omitted). Section 3551 is placed in Subchapter A, which is titled "General Provisions," while § 3561 is placed in Subchapter B, which is titled "Probation." It is not surprising that the particular contours of when probation may and may not be imposed would be found in the subchapter focused exclusively on that subject of probation.

[3] While not raised by Little, the Court will note briefly here that the rule of lenity does not affect the Court's decision because the issue in this case is resolved entirely by reference to the statutory text and context. *See Moskal v. United States*, 498 U.S. 103, 108 (1990) ("[W]e have always reserved lenity for those situations in which a reasonable doubt persists about a statute's intended scope even after resort to 'the language and structure, legislative history, and motivating policies' of the statute." (quoting *Bifulco v. United States*, 447 U.S. 381, 387 (1980))

In sum, despite the language in Section 3551, Section 3561(a)(3) permits a sentencing judge to impose a term of probation at the same time as a term of imprisonment when a defendant is sentenced to imprisonment for only a petty offense or offenses.

### III.   CONCLUSION

For the foregoing reasons, the Court concludes that imposition of sixty days' imprisonment and thirty-six months' probation is permitted by statute and warranted by the circumstances of this case.  The Court will also impose a ten-dollar special assessment and $500 restitution, payable to the Architect of the Capitol.

Date:   3/14/22

Royce C. Lamberth
United States District Judge

16