```
                 IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA
        - - - - - - - - - - - - - - - - x
         THE UNITED STATES OF AMERICA,
                                            Criminal Action No.
                      Plaintiff,            1:21-cr-00315-RCL-1
                                            Tuesday, November 16, 2021
         vs.                                10:23 a.m.

         JAMES LITTLE,

                      Defendant.
        - - - - - - - - - - - - - - - - x
        _____

                 TRANSCRIPT OF PLEA AGREEMENT HEARING
             HELD BEFORE THE HONORABLE ROYCE C. LAMBERTH
                     UNITED STATES DISTRICT JUDGE
        _____
         APPEARANCES:

         For the United States:     MICHAEL GORDON JAMES, ESQ.
                                    DOJ-USAO
                                    Terry Sanford Federal Building
                                    310 New Bern Avenue
                                    Suite 800
                                    Raleigh, NC 27601-1461
                                    (919) 856-4530
                                    mike.james@usdoj.gov

         For the Defendant:         PETER STEWART ADOLF, ESQ.
                                    FEDERAL PUBLIC DEFENDER
                                    NORTH CAROLINA
                                    129 West Trade Street
                                    Suite 300
                                    Charlotte, NC 28202
                                    (704) 374-0720
                                    peter_adolf@fd.org


         Court Reporter:            Lisa A. Moreira, RDR, CRR
                                    Official Court Reporter
                                    U.S. Courthouse, Room 6718
                                    333 Constitution Avenue, NW
                                    Washington, DC  20001
                                    (202) 354-3187
```

```
 1                    P R O C E E D I N G S
 2              THE COURTROOM DEPUTY:  Good morning.  We're on the
 3   record for Criminal Case 21-315, United States of America
 4   vs. James Little.  Will counsel please identify yourselves
 5   for the record starting with the government.
 6              MR. JAMES:  Michael James; United States, Your
 7   Honor.
 8              MR. ADOLF:  Peter Adolf for Mr. Little, Your
 9   Honor.  Your Honor, Mr. Little is -- he's on the call.  His
10   video was working a moment ago, but he touched something.
11   He's sort of having trouble figuring out how to get his
12   camera back on, but he can hear as last I could tell.  There
13   he is.
14              THE COURT:  There he is.
15              Mr. Little, would you unmute so I can make sure
16   you hear me.
17              THE DEFENDANT:  Yes, Your Honor.  It's muted.
18              THE COURT:  Okay.  All right.  I understand,
19   Mr. Little, from your counsel that you wish to enter a plea
20   in this case.  I have to ask you a series of questions to
21   ensure that you fully understand your rights and that you're
22   doing this voluntarily.  First I'll ask the clerk to place
23   you under oath.
24              (Defendant sworn)
25              THE COURTROOM DEPUTY:  Please state your full name
```

1    for the record.
2            THE DEFENDANT:  James Leslie Little.
3            THE COURTROOM DEPUTY:  Thank you.  Can you please
4    spell your middle name for the court reporter's benefit.
5            THE DEFENDANT:  L-E-S-L-I-E.
6            THE COURTROOM DEPUTY:  Thank you.
7            THE COURT:  Mr. Little, your answers to my
8    questions are subject to the penalty of perjury or making a
9    false statement if you don't answer my questions truthfully.
10   Do you understand that?
11           THE DEFENDANT:  Yes, Your Honor.
12           THE COURT:  Does counsel for either side have any
13   questions on the defendant's competency to enter a plea at
14   this time?
15           MR. JAMES:  No, Your Honor.
16           MR. ADOLF:  No, Your Honor.
17           THE COURT:  That was a unanimous no, but I heard
18   no from each of you.  I find the defendant is competent.
19           Have you had adequate time and opportunity now to
20   discuss this case with your attorney, Mr. Little?
21           THE DEFENDANT:  Yes, Your Honor.
22           THE COURT:  Are you satisfied with Mr. Adolf's
23   representation of you in this matter?
24           THE DEFENDANT:  Yes, absolutely.
25           THE COURT:  Do you understand that under the

1  Constitution and laws of the United States you're entitled
2  to a trial by -- well, actually in this case you wouldn't be
3  entitled to a trial by jury, I guess, in light of the length
4  of time that's -- but you're entitled to a trial in any
5  event on these charges.
6              THE DEFENDANT:  Yes, Your Honor.
7              THE COURT:  Do you understand, if there were a
8  trial, you'd be presumed to be innocent?  The government
9  would be required to prove you guilty by competent evidence
10 beyond a reasonable doubt before you could be found guilty.
11             THE DEFENDANT:  Yes, Your Honor.
12             THE COURT:  If there were a trial, witnesses for
13 the government would have to come to court to testify in
14 your presence, and your attorney could cross-examine those
15 witnesses, could object to evidence offered by the
16 prosecutors, and could offer evidence on your behalf.  Do
17 you understand that?
18             THE DEFENDANT:  Yes, Your Honor.
19             THE COURT:  Do you understand you'd have the right
20 to testify at a trial, but you'd also have the right not to
21 testify, and no inference or suggestion of guilt could be
22 drawn from the fact that you did not testify?
23             THE DEFENDANT:  Yes, Your Honor.
24             THE COURT:  Do you understand if I accept your
25 plea you waive these rights?  There will be no trial, and

1    I'll enter a judgment of guilty on your plea alone today.
2            THE DEFENDANT:  Yes, Your Honor.
3            THE COURT:  If you plead guilty, do you understand
4    you'll also waive your right not to incriminate yourself
5    since you must acknowledge that you are guilty before I
6    accept your plea?
7            THE DEFENDANT:  Yes, Your Honor.
8            THE COURT:  Having discussed your rights with you,
9    do you still wish to plead guilty?
10           THE DEFENDANT:  Yes, Your Honor.
11           THE COURT:  I want to go over the information with
12   you to be sure you understand exactly what you're pleading
13   guilty to.
14           The plea is to Count 4 of the information, so
15   Count 4 reads:  On or about January 6, 2021, in the District
16   of Columbia you willfully and knowingly paraded,
17   demonstrated, and picketed in the United States Capitol
18   Building.
19           So that's the charge you'd actually be pleading
20   guilty to.  Do you understand that?
21           THE DEFENDANT:  Yes, Your Honor.
22           THE COURT:  Counsel advised me in the plea
23   agreement letter that the maximum penalty on that charge
24   would be six months imprisonment, a fine of not more than
25   $5,000, an obligation to pay any applicable interest or

1    penalties, if I find restitution -- and there is a
2    restitution agreement in this case of I think it was $500,
3    if I'm correct.
4            MR. JAMES:  That's correct, Your Honor.
5            THE COURT:  All right.  And there's a special
6    assessment required to be imposed by law of $10.  Do you
7    understand that's what the maximum penalty is in the case;
8    is that correct?
9            THE DEFENDANT:  Yes, Your Honor, but I don't
10   understand why I'm having to pay for damages that other
11   people did to the Capitol.
12           THE COURT:  I think that -- am I correct that the
13   restitution here is not being set by the Court but was
14   agreed upon?
15           MR. JAMES:  That's correct, Your Honor.  That is
16   part of the factual stipulation.
17           THE COURT:  Okay.  So if you want to go to trial,
18   the restitution question would be decided by the Court, and
19   I could answer your question.  If you want to agree to the
20   agreement, the restitution question is something you're
21   agreeing to so I can't tell you the answer to the question.
22           THE DEFENDANT:  Okay.  I agree to it.
23           THE COURT:  Okay.  I was going to say, if you want
24   to discuss that with your attorney, you can.  If you want to
25   say more about it, you can.

1          MR. ADOLF:  Your Honor, if I could just interject
2    briefly?  I have discussed that issue with Mr. Little.  My
3    understanding of the restitution statute is that restitution
4    is permissible upon agreement of the parties regardless of
5    the other aspects of the requirements for restitution, and
6    we have agreed to that.  And I've discussed that with him,
7    and he's agreed to it.
8          THE COURT:  Okay.  Now, since this is a petty
9    offense, the sentencing guidelines won't actually apply in
10   this case, so do you understand that I will get a
11   presentence report?  Even though this is a petty offense, in
12   all of our cases we get a presentence report from the
13   probation office.  And after I get that report, you and your
14   attorney and the government will all have a chance to make
15   arguments to me on what the proper sentence in the case
16   would be.
17         I won't decide the sentence in the case until
18   after I get the presentence report, hear from you and your
19   attorney, and from the government at the time of sentencing.
20   Do you understand that?
21         THE DEFENDANT:  Yes, Your Honor.
22         THE COURT:  Has anyone threatened you or anyone
23   else or anyone forced you to enter this plea of guilty?
24         THE DEFENDANT:  No, Your Honor.
25         THE COURT:  I have what purports to be a plea

1   agreement here in writing.  I'm going to -- since you're not
2   here, I'm just going to hold my copy of this up to the
3   screen.  I don't know if you can really see that or not.
4           THE DEFENDANT:  I can see it.
5           THE COURT:  That purports to be your signature
6   there.  Did you go -- is that your signature?  That looks
7   like it.
8           THE DEFENDANT:  Yes, Your Honor.
9           THE COURT:  Did you go over this carefully with
10  your attorney?
11          THE DEFENDANT:  I did, Your Honor.
12          THE COURT:  And do you agree to it?
13          THE DEFENDANT:  Yes, Your Honor.
14          THE COURT:  Okay.  I'm going to have your attorney
15  explain it to be sure -- so I can be sure you understand it.
16          Mr. Adolf, do you want to give me a little
17  description of it?
18          MR. ADOLF:  Yes, Your Honor.  Mr. Little's
19  pleading guilty to Count 4, as Your Honor already described,
20  a violation of 5104(e)(2)(G) of Title 40.  There is a
21  statement of offense that has been signed.  I didn't see it
22  on the docket, but I assume that it's been filed with the
23  Court.
24          THE COURT:  I have it as well, and I'm going to go
25  over it with him, yes.

1                   MR. ADOLF:  Very good.  I think the plea agreement
2      speaks for itself.  The highlights are that the government
3      is not going to prosecute for any related conduct coming out
4      of this issue.  The sentencing guidelines don't apply.  He
5      has the right to allocute at sentencing, and we have the
6      right to address -- to make sentencing arguments to the
7      Court.
8                   It says that the Court is not bound by the
9      agreement, but the reality is as far as sentencing goes
10     there is no agreed upon sentence within the range for this
11     particular charge, a Class B misdemeanor, so the maximum and
12     minimum are what they are.
13                  There are aspects of the conditions of release,
14     and I've told -- I have discussed with counsel that once the
15     hearing's over I am going to ask the Court to consider
16     modifying one condition of release.
17                  There's a waiver of the statute of limitations.
18     Your Honor already discussed the trial rights that are being
19     waived, and there's a limitation on the right to appeal,
20     which is in Section 8C, and he also waives his right to
21     collateral attack.
22                  We agree to have this hearing on video
23     teleconference.
24                  There's, I guess, sort of a cooperation provision.
25     There's the restitution of $500 that Your Honor already

1    discussed with him in some detail, and that any violation of
2    this would be a breach on our part or on the part of the
3    defense and Mr. Little and would leave the government with
4    the ability to both pursue sentencing on this charge and any
5    other charges it feels like.
6             I think that pretty much covers the basic terms,
7    Your Honor.
8             THE COURT:  Okay.  Do you understand all that,
9    Mr. Little?
10            THE DEFENDANT:  Yes, Your Honor.
11            THE COURT:  Do you have any other questions about
12   it?  Because I'm the one that can resolve them, except for
13   the restitution obviously.
14            THE DEFENDANT:  My mom was saying my gun rights,
15   but I think that Mr. Adolf is going to address that because
16   I'm pleading to a misdemeanor, not a felony.  So he's going
17   to address getting my gun rights back.
18            THE COURT:  Okay.  Has anyone made any prediction
19   or promises to what sentence I'll give you in this case?
20            THE DEFENDANT:  No.  No, Your Honor.
21            THE COURT:  Do you understand I don't know myself
22   right now?  So no one can really tell you what I'm going to
23   do because I don't know myself.
24            I've only sentenced one person even on a
25   misdemeanor so far.  I haven't really figured out what's

1   going to happen in these cases yet.  I'm beginning to
2   sentence my first -- I've only done one fellow today.  I'm
3   doing one more tomorrow.  I really don't know where all
4   these are going so I can't even tell you myself what I'm
5   going to do.
6              I will look at the presentence report and give due
7   consideration to you and your attorney and the government at
8   the time of sentencing.  Do you understand that's how it's
9   going to go?
10             THE DEFENDANT:  Yes, Your Honor.
11             THE COURT:  Okay.  I've also got a thing here
12  called the "Statement of the Offense," and it's a statement
13  of what it says happened here.  Let me hold up that one.
14  That has your signature on it as well; it looks like your
15  signature.
16             THE DEFENDANT:  Yes, Your Honor.
17             THE COURT:  Did you go over that one carefully
18  with your attorney, too?
19             THE DEFENDANT:  I did, Your Honor.
20             THE COURT:  And is that what really happened?
21             THE DEFENDANT:  Yes.
22             THE COURT:  So you are, in fact, guilty of the
23  offense to which you're pleading guilty?
24             THE DEFENDANT:  Yes.
25             THE COURT:  All right.  Mr. Little, since you

1  acknowledge that you are guilty as charged, since you know
2  your right to a trial, since you know what the maximum
3  possible punishment is, and since I've discussed the
4  sentencing procedures with you, I hereby find you
5  voluntarily pleading guilty.  I accept your guilty plea, and
6  I'll enter a judgment of guilty on your plea to Count 4 of
7  the information.
8              All right.  I'll entertain your motion, Mr. Adolf.
9              MR. ADOLF:  Thank you, Your Honor.
10             I don't know how the procedure goes normally in
11 these cases, but I guess there isn't a lot of normal to work
12 from in these cases at this point.  But because it's a
13 standard condition in our district, and a lot of districts,
14 to not possess firearms, Mr. Little got rid of the firearms
15 that he had when he was first put on pretrial release.  He
16 hasn't had any problems.  His concern, Judge -- and what I'm
17 asking the Court to do is consider lifting the firearms
18 restriction.
19             This is now unquestionably a misdemeanor.  He has
20 no prior felony offenses or anything that would bar him from
21 firearm ownership, and once he's sentenced, he will -- his
22 gun rights will be restored -- well, I guess the restriction
23 will be lifted in any event.  And particularly for him, he
24 lives out sort of in the country in the Piedmont of Western
25 North Carolina.  He's always had firearms.

1    In fact, he was -- it's a real concern.  He was
2    just telling me last year that -- that last year his Jack
3    Russell got attacked by a copperhead.  He had to kill it
4    with a pistol.  So just out where he lives it's a thing he's
5    always had and has never made any nefarious use of; so given
6    that that's where we're headed anyway, I'd ask the Court to
7    consider lifting that restriction at this time.
8             THE COURT:  Any objection by the United States?
9             MR. JAMES:  Yes, Your Honor.  We do object.
10            First, I would point out, based on the nature of
11   the offense, although Mr. Little has pled guilty to the
12   5104, the nature of the offense forces the factors that the
13   Court must consider.
14            Second -- and with respect to the nature of the
15   offense, I don't have to go much over that, but the Court
16   has reviewed the plea agreement and the statement of offense
17   as well, and the Court is well aware of January 6th.
18            Second, I will point out, Judge, that the Pretrial
19   Services, they haven't asked for a request for a
20   modification as well.
21            Mr. Little has pled guilty today, but he has not
22   been sentenced.  There will be another, I believe, report
23   prior to sentencing from the Pretrial Services about how
24   Mr. Little is conducting himself.
25            I'd also point out that when Mr. Little was

1    interviewed on January 13th he made reference to what he
2    believes was -- from the taped interview, at about 18
3    minutes and 44 seconds, he thought that the country was on
4    the brink of a civil war, and he believed that his fellow
5    Americans who were from a different political persuasion
6    were trying to start some sort of a civil war.
7             So with those sort of things in mind, Your Honor,
8    I'd ask that the Court not change the conditions at this
9    time.  Obviously the Court can revisit it at sentencing, but
10   I'll ask that the Court not change the conditions at this
11   time.
12            THE COURT:  I'll defer at this time and review the
13   record further before I rule on the question of whether to
14   do it before I get the presentence report.
15            All right.  Madam Clerk, what's the timing for a
16   possible sentencing date?  I guess we're giving 70 days.
17            THE COURTROOM DEPUTY:  Yes, Your Honor.  We're
18   still doing 70 days.
19            THE COURT:  Okay.
20            THE COURTROOM DEPUTY:  And, Your Honor, given the
21   holidays, maybe a little after that time frame.
22            Your Honor, if we can look at early February to
23   give pretrial and probation enough time to process this.
24            THE COURT:  Yes.  February 11th at 1:00 p.m.?
25            MR. ADOLF:  That works for me, Your Honor.

```
 1                THE COURT:  Is that good for the government?
 2                MR. JAMES:  Oh, yes, it is, Your Honor.
 3                THE COURT:  And is defendant waiving that -- to do
 4      that by video again, or not?
 5                MR. ADOLF:  I'm fine doing it on video, Your
 6      Honor.  I don't know what the procedures are that are going
 7      on in the District of Columbia at this point, but we don't
 8      have a problem.
 9                THE COURT:  Government?
10                MR. JAMES:  Well, Your Honor, in light of the fact
11      that the Court has not made up its mind obviously about what
12      type of particular sentence, I don't know if by video would
13      be appropriate.  If the Court were to decide an
14      incarceratory sentence was necessary, then I guess the Court
15      could just order Mr. Little to report, but I don't know if
16      that's how the Court would want to proceed.
17                THE COURT:  Well, I'm just saying possible video.
18      We'd have to get consent at the time and see if the court is
19      still doing things by video then.  I'm not sure where we'll
20      be by then.
21                All right.  I'll tentatively set it for February
22      11th at 1:00.  We'll see where we are by that point.  That
23      will give a deadline anyway for pretrial -- I mean, for
24      probation to get the report in.
25                All right.  Any other matters you all want to
```

1    raise today?
2            MR. JAMES:  No, Your Honor.  Thank you.
3            MR. ADOLF:  Judge, just briefly, if -- I
4    understand it's a little unusual to do a presentence report
5    in a misdemeanor case.  I don't have --
6            THE COURT:  It is.
7            MR. ADOLF:  -- any experience with that.
8            THE COURT:  Our court had decided -- my initial
9    one was to waive it, and the court as a whole decided that
10   we would do them in these misdemeanor cases, so we are doing
11   them.  And probation, because of the number of cases, has
12   asked that we give them 70 days in each one, so that's why
13   we're sort of doing it that way.
14           They're getting help from around the country with
15   other probation offices assisting, so I assume they will get
16   some assistance from North Carolina here.  That will also
17   give me some assistance with their being able to interview
18   the defendant and get more hands-on North Carolina expertise
19   about the defendant, I think.
20           MR. ADOLF:  Very good.  So should I expect, then,
21   for probation to be contacting us about a presentence
22   interview?
23           THE COURT:  Yes, yes.
24           MR. ADOLF:  Very good. We don't need to -- I
25   don't need to -- we don't need a form in the docket?

1           In our district, if you want a presentence
2  interview, you have to file a form.  The magistrate files a
3  form on the docket at the time of the plea so expressing.
4           THE COURT:  I don't think you'll have to do that
5  here.
6           MR. ADOLF:  Very good.  That's all, Your Honor.
7           THE COURT:  Okay.  Thank you very much, Counsel.
8           MR. ADOLF:  Thank you.
9           THE COURT:  I'll talk to you all again.
10          MR. JAMES:  Thank you.
11          THE COURT:  The Court will be in recess.
12              (Whereupon the hearing was
13               concluded at 10:44 a.m.)

**CERTIFICATE OF OFFICIAL COURT REPORTER**

I, LISA A. MOREIRA, RDR, CRR, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

**NOTE:** This hearing was held remotely by Zoom or some other virtual platform and is subject to the technological limitations of court reporting remotely.

Dated this 11th day of April, 2021.

/s/Lisa A. Moreira, RDR, CRR
Official Court Reporter
United States Courthouse
Room 6718
333 Constitution Avenue, NW
Washington, DC 20001