IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JAMES LESLIE LITTLE,<br>Defendant. | DOCKET NO. 1:21 CR 315 |

**MOTION TO AMEND JUDGMENT AND TERMINATE PROBATION**

James Leslie Little, by and through his counsel of record, Assistant Federal Public Defender Peter Adolf, respectfully requests that this Court amend the judgment in his case to remove the term of probation and/or terminate his term of probation.

Mr. Little's case is before this Court on remand from the United States Court of Appeals for the District of Columbia, following that court's ruling that Mr. Little's sentence is illegal in that it includes both a term of incarceration and a term of probation when "probation and imprisonment may not be imposed as a single sentence. They are separate options on the menu." *United States v. Little,* 78 F.4th 453, 455 (D.C. Cir. 2023).

Mr. Little has already served the sentence of imprisonment and is currently serving the term of probation. An unbroken line of Supreme Court authority stretching back 150 years deprives this Court of jurisdiction to impose any punishment beyond the term of imprisonment Mr. Little has already served. Accordingly, this Court is constrained to strike and therefore terminate the term of probation. But even if the Court were to have discretion

to conduct a resentencing hearing, it should preserve judicial resources by declining to do so and by, instead, terminating the probationary term.

## I. Because Little has fully served his term of imprisonment, the Double Jeopardy Clause bars the Court from imposing additional punishment at a resentencing.

In *Ex Parte Lange,* 85 U.S. (18 Wall.) 163 (1873), the defendant was convicted of a theft offense,

> the punishment for which offence, as provided in said statute, [was] imprisonment for not more than one year ***or*** a fine of not less than ten dollars nor more than two hundred dollars…. [T]he judge presiding sentenced the petitioner under said conviction to one year's imprisonment, ***and*** to pay two hundred dollars fine. The petitioner was, on said day, committed to jail in execution of the sentence, and on the following day the fine was paid to the clerk of the court, who, in turn … paid the same into the Treasury of the United States.

*Id.* at 164 (emphasis in original). The very next day, the trial judge, realizing his mistake, vacated the judgment and substituted a judgment and sentence consisting of one year's imprisonment and no fine. *Id.*

The Supreme Court vacated the sentence, holding that the sentencing judge violated the Double Jeopardy clause by sentencing the defendant to both punishments, and that the sentencing judge had no jurisdiction to re-impose the jail term after the fine had already been paid:

> We are of [*sic*] opinion that when the prisoner, as in this case, by reason of a valid judgment, had fully suffered one of the alternative punishments to which alone the law subjected him, the power of the court to punish further was gone. That the principle we have discussed [i.e. double jeopardy] then interposed its shield, and forbid that he should be punished again for that offence. The record of the court's proceedings, at the moment the second sentence was rendered, showed that in that very case, and for that very offence, the prisoner had fully performed, completed, and endured one of the alternative punishments which the law prescribed for that offence, and had suffered five days' imprisonment on account of the other. It thus showed the court that its power to punish for that offence was at an end.

*Id.* at 176 (emphasis added). The Court continued:

> Unless the whole doctrine of our system of jurisprudence, both of the Constitution and the common law, for the protection of personal rights in that regard, are a nullity, the authority of the court to punish the prisoner was gone. The power was exhausted; its further exercise was prohibited. It was error, but it was error because the power to render any further judgment did not exist.

*Id*.

The Supreme Court reaffirmed the holding of *Lange* some 70 years later in *In re Bradley,* 318 U.S. 50 (1943). The defendant in *Bradley* was sentenced to a fine and imprisonment when the statute allowed one or the other. *Id.* at 51. The defendant was taken into custody, and three days later his attorney paid the fine. *Id.* Later the same day, the judge issued an order amending the sentence to omit the fine and instructed the clerk to return the money to the attorney, who refused to accept it. *Id.* at 51-52.

The substantive portion of the Court's opinion is worth reviewing in its entirety:

> When, on October 1, the fine was paid to the clerk and receipted for by him, the petitioner had complied with a portion of the sentence which could lawfully have been imposed. As the judgment of the court was thus executed so as to be a full satisfaction of one of the alternative penalties of the law, the power of the court was at an end. It is unimportant that the fine had not been covered into the treasury; it had been paid to the clerk, the officer of the United States authorized to receive it, and petitioner's rights did not depend upon what that officer subsequently did with the money.
>
> It follows that the subsequent amendment of the sentence could not avoid the satisfaction of the judgment, and the attempt to accomplish that end was a nullity. ***Since one valid alternative provision of the original sentence has been satisfied, the petitioner is entitled to be freed of further restraint.***

*Id.* at 52 (emphasis added; footnotes omitted).

The Supreme Court reaffirmed the holdings of *Lange* and *Bradley* in *Jones v. Thomas,* 491 U.S. 376 (1989). Defendant Thomas shot and killed a store customer during a robbery and was convicted in state court of felony murder and attempted robbery. He was sentenced

to fifteen years' imprisonment for the attempted robbery count and life imprisonment for the felony murder count, with the sentences to run consecutive and the attempted robbery sentence to run first. The state supreme court later ruled that the state legislature had not intended multiple punishments in such situations, and the trial court vacated the attempted robbery conviction and fifteen-year sentence while retaining the life sentence for felony murder, ordering that the time the defendant had already served be credited against the felony murder sentence. By then the defendant had served out the attempted robbery sentence and was already serving the felony murder sentence of life.

Relying on *Lange* and *Bradley,* the defendant claimed that he had already served one of the two sentences for his crime, and since he could only be punished once his punishment was at an end. The Supreme Court rejected the argument and upheld the single life sentence:

> *Bradley* and *Lange* both involved alternative punishments that were prescribed by the legislature for a single criminal act. The issue presented here, however, involves separate sentences imposed for what the sentencing court thought to be separately punishable offenses, one far more serious than the other. The alternative sentences in *Bradley*, moreover, were of a different type, fine and imprisonment. While it would not have been possible to 'credit' a fine against time in prison, crediting time served under one sentence against the term of another has long been an accepted practice.

*Thomas,* 491 U.S. at 384.

It noteworthy that four justices – in an opinion by Justice Scalia – dissented, finding the case indistinguishable from *Lange* and *Bradley* and calling for the life sentence to be vacated. *Id* at 388-96 (Scalia, J., with Stevens, Brennan, and Marshall, JJ., dissenting). The division among the justices was whether the *Lange/Bradley* principle would be extended to multiple-count situations; the viability of *Lange* and *Bradley* was never in doubt.

Indeed, ten of the twelve federal circuit courts, including the D.C. Circuit, have had occasion to rely on the *Lange/Bradley* line of cases. *See, e.g., United States v. Holmes,* 822 F.3d 481 (5th Cir. 1987) (discharging term of imprisonment where punishments were available in the alternative and fine was already paid); *United States v. DiGirlomo,* 548 F.2d 252, 254-55 (8th Cir. 1977) (same); *United States ex rel. Kanawha Coal Operators Ass'n v. Miller,* 540 F.2d 1213 (4th Cir. 1976) (same); *United States v. Sampogne,* 533 F.2d 766 (2d Cir. 1976) (same); *United States v. White,* 980 F.2d 1400 (11th Cir. 1993) (discharging fine where punishments were available in the alternative and term of imprisonment was already served); *Tatum v. United States,* 310 F.2d 854, 855 (D.C. Cir. 1962); *Dye v. Frank,* 355 F.3d 1102, 1108 (7th Cir. 2004); *Breest v. Helgemoe,* 579 F.2d 95, 101 n.12 (1st Cir. 1978); *Warnick v. Booher,* 425 F.3d 842, 847 (10th Cir. 2005); *United States v. Edick,* 603 F.2d 772, 776-78 (9th Cir. 1979).

The United States opposes this motion, and filed a memorandum last week in another similar case laying out its position. *See United States v. Pryer,* 1:21 CR 667, doc. no. 80 (D.D.C. Dec. 1, 2023) (government's opposition to early termination of probation and motion for resentencing). In the interest of judicial economy, those arguments are addressed here.

The government apparently believes that this Court can increase the term of imprisonment Mr. Little has already served and therefore order him re-incarcerated. *See id.* at 1, 8-17. The *Lange* court considered this precise scenario and provided the answer in no uncertain terms:

> [I]f the judgment of the court is that the convict be imprisoned for four months, and he enters immediately upon the period of punishment, can the court, after it has been fully completed…vacate that judgment and render another, for three or six months' imprisonment, or for a fine? Not only the gross injustice of such a proceeding, but the inexpediency of placing such a power in the hands of any tribunal is manifest.

*Lange,* 85 U.S. (18 Wall.) at 168. And later:

> But if, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment, or to endure the same punishment a second time, is the constitutional restriction [against double jeopardy] of any value?

*Id.* at 173.

The dissenting judge in Mr. Little's case before the Court of Appeals suggested that Mr. Little could be sentenced to additional jail time on remand, citing *Davenport v. United States,* 353 F.2d 882 (D.C. Cir. 1965) and *Hayes v. United States,* 249 F.2d 516 (D.C. Cir. 1957). *See Little,* 78 F.4th at 469 n.3 (Wilkins, J., dissenting). *Davenport* presented a similar multi-count issue to the Supreme Court's later decision in *Jones v. Thomas* and anticipated the Supreme Court's ruling. *Hayes* involved a defendant inadvertently sentenced under a statute which had been superseded, and the question was whether he could be sentenced anew under the correct statute. The *Hayes* court discussed and distinguished *Lange* on the very basis that the punishment of a fine in *Lange,* by itself, was a lawful sentence and "had been valid and had been satisfied before the addition to the sentence of a discretionary prison term as well," *Hayes,* 249 F.2d at 518, just as in Mr. Little's case. Neither case provides any support for the possibility of additional incarceration for Mr. Little.

The government's position seems to rely principally on (1) cases dealing with multiple counts rather than a single count, as noted above, (2) cases addressing the omission of mandatory portions of a sentence at the outset, and/or (3) the argument that *Lange* and

*Bradley* only prohibit resentencing beyond the statutory maximum. The first two are irrelevant; the third is simply false.

The Supreme Court's decision in *Jones v. Thomas* discussed *supra* addressed whether to extend the principle of *Lange* and *Bradley* to multi-count cases, which split the Court 5-4. All nine justices agreed on the continuing viability of *Lange* and *Bradley* regarding a single count of conviction.

*United States v. DiFrancesco*, 449 U.S. 117, 132 (1980) addressed whether a statutorily-authorized government appeal of a sentence was unconstitutional. The *DiFrancesco* opinion in fact reaffirmed *Lange,* discussing its holding at some length. *See id.* at 138-39.

*Bozza v. United States*, 330 U.S. 160 (1947) dealt with the sentencing judge's inadvertent omission of a mandatory fine along with the lawful sentence of imprisonment. "This Court has rejected the doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence." *Id.* at 166.

In *Burns v. United States*, 552 F.2d 828, 831 (8th Cir. 1977), the sentencing judge initially imposed a determinate sentence of three years' imprisonment, while the statute required an indeterminate sentence of up to four years' imprisonment. The judge then changed the sentence to conform to the statute, adding a recommendation that the defendant be released after no more than three years. Substituting a lawful sentence for the unlawful sentence was upheld on appeal.

*United States v. Rosario*, 386 F.3d 166, 170 (2d Cir. 2004) addressed whether requiring sex offender registration violates the Tenth Amendment. The opinion listed

situations in which sentences can be increased after pronouncement, none of which apply here.

*United States v. Townsend*, 178 F.3d 558 (D.C. Cir. 1999) dealt with multiple counts, just as in *Jones v. Thomas,* and distinguished *Lange* and *Bradley* on the same basis. *See id.* at 570.

*Greenlaw v. United States*, 554 U.S. 237, 253 (2008) dealt with whether the Court of Appeals can increase a defendant's sentence where the defendant appeals but the government does not. It cannot.

*United States v. Versaglio*, 85 F.3d 943, 949 (2d Cir. 1996) dealt with an appeal by the defendant that the sentencing judge had unlawfully imposed a fine and imprisonment, requiring vacatur of the term of imprisonment, and an appeal by the government that the fine imposed was too low due to a guidelines error. The Court of Appeals agreed with both parties, even as it discussed and reaffirmed the holdings of *Lange* and *Bradley. See Versaglio,* 85 F.3d at 947-48.

In *United States v. Bohn*, 959 F.2d 389, 394–95 (2d Cir. 1992) the plea agreement limited the fine but not the term of imprisonment. The sentencing judge imposed probation, but also a fine above the agreed-upon maximum. The Court of Appeals ruled that the defendants could either withdraw their pleas or be resentenced to a fine within the agreed-upon range, in which case the judge could potentially impose imprisonment, as the agreement allowed. There was no discussion of *Lange, Bradley,* or double jeopardy at all.

*Christopher v. United States*, 415 A.2d 803 (D.C. 1980) dealt with the fallout from the D.C. Court of Appeals' prior ruling that D.C. Superior Court judges were barred by statute from partially suspending sentences of imprisonment, and it ordered the outstanding

suspended portion of the sentence unsuspended, as the statute required. This was precisely the kind of problem Congress eliminated when it barred "split sentences" for people like Mr. Little. *See Little,* 78 F.4th at 455, 458-60.

*United States v. Johnson*, 378 F.3d 230 (2d. Cir. 2004) addressed, in relevant part, whether the sentencing judge could order restitution for the first time on remand when restitution was required by statute and the failure to impose it was an oversight. It could. *See id.* at 243-44.

*United States v. Lominac*, 144 F.3d 308 (4th Cir. 1998), *abrogated on other grounds by Johnson v. United States*, 529 U.S. 694 (2000) addressed whether a new term of supervised release could be imposed under the statute in force at the time following revocation and incarceration. It could not. The majority's remarks about the possible sentence on remand were *dicta*, and the suggestion that the defendant could be sentenced to additional imprisonment indeed drew a separate opinion citing *Lange* and *Bradley, see id.* at 318-19 (Widener, J., concurring and dissenting) ("When Lominac completed the imprisonment portion of the dual sentence, the power vested in the court with regard to punishment was extinguished"). Further, the *Lominac* court directed the sentencing judge to credit the time spent on impermissible supervised release against any additional imprisonment imposed, essentially mooting the issue. *See id.* at 317.

Perhaps most disturbing is the government's assertion in last week's filing that "the *Lange/Bradley* rule applies only where the alternative penalty imposes the maximum authorized sentence and is satisfied in full." *United States v. Pryer,* 1:21 CR 667, doc. no. 80 at 13 (D.D.C. Dec. 1, 2023) (government's opposition to early termination of probation and motion for resentencing). The government cites only *United States v. Holmes*, 822 F.2d 481

(5th Cir. 1987) for this principle. In fact, *Holmes* simply held that a defendant sentenced illegally to a fine and imprisonment who had already paid the fine could not be sentenced to imprisonment, just as *Lange* and *Bradley* had held. The contempt statute at issue did not set a limit on the fine that could be imposed, and thus a higher fine would have been authorized on remand if the government's theory was correct. Any lack of clarity in the opinion seized upon and misinterpreted by the government is not merely *dicta;* the government's reading is directly contrary to the holding of the case.

Moreover, in *Tatum v. United States* the D.C. Circuit held – citing, *inter alia*, *Lange* and *Bradley* – that "[i]f appellant's first sentence was lawful a second sentence could not lawfully be imposed which increased it or made it more severe, once he had commenced serving confinement under it." *Tatum,* 310 F.2d at 855. Unlike the cases cited by the government, *Tatum* is binding on this Court. Mr. Little's jail sentence was lawful in and of itself and has already been served; it cannot now be increased. All that remains is his partially completed term of probation, which is illegal and must be vacated.

## II. Alternatively, even if Double Jeopardy does not require it as a matter of law, the Court should exercise its discretion to strike and/or terminate the probation term in the circumstances of this particular case.

Setting aside the question of the legality of a resentencing, this Court has the power to terminate Mr. Little's probation pursuant to 18 U.S.C. § 3564(c), and the circumstances of the case would support termination even absent the remand from the Court of Appeals. Mr. Little was released from prison and began serving his three-year term of probation on July 8, 2022, nearly a year-and-a-half ago. He has been compliant with the terms of probation as far as counsel is aware, and presents no future danger to the community.

Indeed, even if resentencing to additional prison time were permissible, the government would apparently admit that the restriction on Mr. Little's time already spent on probation should offset any potential additional incarceration. *See Pryer,* doc. no. 80 at 14-15 (defendant's "term of supervised release restrained his liberty for a known period of time that can be credited against any future sentence of imprisonment") (quoting *Lominac,* 114 F.3d at 318); *Lominac,* 144 F.3d at 317 ("[b]ecause the Attorney General, under the statutory framework, cannot credit Lominac for time served on the unconstitutional term of supervised release, the district court on remand will give Lominac credit for that time against any new prison sentence").[1] And the term of incarceration Mr. Little already served was

---

[1] The government then backtracks and suggests that the time spent on probation need not be credited day-for-day, but declines to propose a ratio or explain how this Court should decide on an appropriate ratio. *See Pryer,* doc. no. 80 at 16 n.5. Once again, the government cites only inapposite cases for principles that are the opposite of their actual holdings.

The government cites *United States v. Martin*, 363 F.3d 25 (1st Cir. 2004), where the First Circuit agreed with the government that the sentencing judge incorrectly calculated the guidelines and that the defendant's sentence needed to be increased from probation to imprisonment. The *Martin* court simply directed the District Court to fashion a downward departure to account for the punishment already illegally imposed. *Martin* has no application to this case, and indeed the *Martin* court discussed *Lange* and *Bradley* at length, distinguishing them as having no application to correction of an illegally lenient sentence. *See Martin,* 363 F.3d at 34-37. *Martin* in fact held the opposite of what the government argues: The *Martin* court held that whatever the correct prison sentence would have been at the outset, the sentence after remand would now have to be lower to account for the already-served illegal time on probation. The government now somehow claims that *Martin* counsels this Court to ***raise*** Mr. Little's already-served lawful sentence to account for the illegal probation term he has already partially served.

Worse, the government then cites *Lominac* to say that a one-to-one ratio need not be used, *see Pryer,* doc. no. 80 at 16 n.5, when the actual holding of *Lominac* was to require a one-to-one ratio. *See Lominac,* 144 F.3d at 317 ("On remand, however, any prison time that Lominac receives under a resentence must be reduced by the time he has already served for violating his release, that is, his six months in prison and the time he has served under the (new) unconstitutional term of supervised release."). The government's argument is pure sleight-of-hand.

significantly more onerous and punitive than anticipated by the Court or counsel: Rather than serving the time at a local county facility near his home as this Court recommended, he was designated to FCI Jesup, where he spent half of his 60-day sentence in COVID isolation in the medium security prison – two weeks on either end of the sentence – and suffered from repeated panic attacks as a result.

In short, the Court should exercise its discretion to preserve judicial resources by striking the probation term in this case without a resentencing hearing.

**WHEREFORE,** James Leslie Little respectfully requests that this Court amend the judgment in his case to strike and/or terminate the term of probation.

Respectfully submitted:

s/ Peter Adolf
Peter Adolf
Assistant Federal Public Defender
North Carolina Bar No. 37157
New Jersey Bar No. 038911999
New York State Bar No. 2729671
Attorney for James Leslie Little
Federal Public Defender, Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720 (phone)
(704) 375-2287 (fax)
Peter_Adolf@fd.org

DATE: December 6, 2023