IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES LESLIE LITTLE,<br><br>Defendant. | Case No. 1:21-CR-315 (RCL) |

**RESPONSE IN OPPOSITION TO ABEYANCE MOTION**

James Little, through undersigned counsel, files this response in opposition to the government's abeyance motion. *See* Doc. 61 (filed Dec. 14, 2023). In its motion, the government seeks an abeyance and a termination of all deadlines in this case pending a decision from the D.C. Circuit in *United States v. Caplinger*, Case No. 22-3057. The government represents that, in *Caplinger*, the D.C. Circuit "will determine whether the defendant is entitled to immediate relief from his probationary term or whether he should be resentenced, the same issues presented to this Court." Doc. 61, at 1.

The government's representation is not correct. Based on the procedural posture in *Caplinger*, it is highly unlikely that the D.C. Circuit "will determine" the substantive issue currently pending before this Court. Indeed, the government's own filings in *Caplinger* assert that it would be premature for the D.C. Circuit to reach that substantive issue, which was neither presented to nor addressed by the

district court in the proceedings below. Based on that posture, the government argued in *Caplinger* "that, as in *Little*, the district court here should decide any issues regarding resentencing in the first instance." *See* Motion to Govern Future Proceedings (Doc. No. 2030567), *United States v. Caplinger*, Case. No. 22-3057 (filed December 8, 2023).

The government's abeyance motion before this Court reflects an about-face from its own position in *Caplinger*. In the *Caplinger* filing, the government asserted that the district court should resolve the substantive issue in the case—regarding the availability of a resentencing—"in the first instance" while specifically asserting that the same thing would be happening "in *Little*." Now, however, the government is asking this Court *not* to decide that very issue and to wait, instead, on a decision from the D.C. Circuit on that issue. And it does so only a few days after urging the D.C. Circuit to *refrain from deciding that issue*. This Court should reject the government's request.

Moreover, the D.C. Circuit has already issued an order suggesting that the substantive issue in question is not appropriate for "summary action." *See* Order (Doc. No. 2024601), *United States v. Caplinger*, Case. No. 22-3057 (filed October 31, 2023). Accordingly, for the D.C. Circuit to resolve that substantive issue, the Court would likely need to issue a briefing order, receive briefs, schedule and hear oral argument, and then issue a precedential decision. Doing so would take several months at least, and likely a year or more. It is untenable for this Court to pause

the proceedings in Little's case for that long, especially when Little is continuing to serve a criminal sentence that the D.C. Circuit has already determined to be illegal.

In short, the procedural posture in *Caplinger* provides this Court with ample reason to deny the government's motion abeyance. Put differently, we ask this Court to adopt the position that the government advocated before the D.C. Circuit last week: The substantive issue presented here is one that should be decided by the district court "in the first instance." *See* Motion to Govern Future Proceedings (Doc. No. 2030567), *United States v. Caplinger*, Case. No. 22-3057 (filed December 8, 2023).

\*     \*     \*

For these reasons, this Court should deny the government's abeyance motion. It should then grant Little's motion to amend the judgment in his case by termination the probationary term. *See* Doc. 58.

Respectfully submitted,

John G. Baker
Federal Public Defender

/s/ Joshua B. Carpenter
Joshua B. Carpenter
Appellate Chief
1 Page Avenue, Suite 210
Asheville, NC 28801
Joshua_Carpenter@fd.org

Date: December 15, 2023