UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JAMES LITTLE**, <br><br> *Defendant*. | Case No. 1:21-cr-315-RCL |

### MEMORANDUM AND ORDER

For his involvement in the January 6, 2021 attack on the United States Capitol, Defendant James Little pleaded guilty to a petty offense. This Court imposed a sentence of imprisonment, followed by probation. On appeal, the D.C. Circuit held that Little's "split sentence" was unlawful. It therefore "vacate[d] Little's sentence and remand[ed] to the district court for resentencing." *United States v. Little*, 78 F.4th 453, 461 (D.C. Cir. 2023).

Now, Little asks the Court to disregard the D.C. Circuit's directive to resentence him and to instead simply let him off probation. Yet the Court is bound by the mandate rule to follow the instructions from the D.C. Circuit. The Court will thus **DENY** Little's motion and proceed to resentencing as scheduled on January 25, 2024. Little's double jeopardy objection to resentencing is squarely foreclosed by governing precedent, so when the Court resentences Little, it may lawfully impose an additional term of imprisonment or probation, if it chooses to do so.

### I. BACKGROUND

**1. Little's Initial Sentence**

The Court previously summarized Little's contribution to the events of January 6, 2021:

January 6, 2021, marked a tragic day in American history. The peaceful transfer of power—one of our most important and sacred democratic processes—came under

1

a full-fledged assault. While the immediate threat may have subsided, the damage from January 6 persists. Rioters interrupted the certification of the 2020 Electoral College vote count, injured more than one hundred law enforcement officers, and caused more than a million dollars of property damage to the U.S. Capitol. Some of the rioters—now defendants in criminal cases—directly contributed to this violence by assaulting members of law enforcement or by planning, preparing, and facilitating this violence. Others, like Little here, did not directly assault officers. But even Little and those who engaged in this "lesser" criminal conduct were an essential component to the harm. Law-enforcement officers were overwhelmed by the sheer swath of criminality. And those who engaged in violence that day were able to do so because they found safety in numbers.

*United States v. Little*, 590 F. Supp. 3d 340, 342 (D.D.C. 2022), *vacated and remanded*, 78 F.4th 453 (D.C. Cir. 2023).

On November 16, 2021, Little pleaded guilty to Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G). *See* Plea Agr., ECF No. 25. Little admitted to entering the United States Capitol, despite knowing that he lacked permission, and then parading, demonstrating, and/or picketing within the building. Statement of Offense, ECF No. 26, 4.

On March 14, 2022, the Court sentenced Little to a "split sentence," meaning "a term of imprisonment followed by a term of probation." *Little*, 590 F. Supp. 3d. at 343. The Court recognized that because the statutory maximum term of imprisonment for Little's offense was six months, federal law classifies the crime as a petty offense. *Id.* (citing 40 U.S.C. § 5109(b), 18 U.S.C. § 3559(a)(7), and 18 U.S.C. § 19). But it held that a split sentence was legally permissible for a defendant convicted of a petty offense. It also concluded that a split sentence was warranted in this case, because "[s]ome term of imprisonment may serve sentencing's retributive goals . . . [b]ut only a longer-term period of probation is adequate to ensure that Little will not become an active participant in another riot." *Little*, 590 F. Supp. 3d at 344. It therefore sentenced Little to

60 days' imprisonment, 36 months' probation, $500 in restitution, and $10 in special assessment. *Id.* at 351.

### 2.  Little's Appeal

On appeal, Little challenged his sentence, arguing that a split sentence for a single conviction for a petty offense was illegal.  Br. for Appellant *40, *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023) (No. 22-3018).  He argued that because he had "already served his entire term of imprisonment, the proper remedy is to reverse and remand with instructions that Little be immediately discharged from probation and that an amended judgment be issued reflecting no probationary term." *Id.*

A divided panel of the D.C. Circuit agreed with Little's substantive argument, holding that under 18 U.S.C. § 3561(a)(3), a court could impose imprisonment or probation but not both.  *Little*, 78 F.4th at 454.  However, it rejected Little's proposed remedy of instructing the district court to discharge Little from probation and issue an amended judgment reflecting no term of probation.  Instead, the court of appeals "vacate[d] Little's sentence and remand[ed] to the district court for resentencing." *Id.* at 461.  Writing in dissent, Judge Wilkins stated that "[f]ollowing vacatur of the sentence on remand, it appears that the district judge could impose a sentence of imprisonment or probation, and that he would not be limited to the 90 days or three years that were imposed before if he concluded that either a longer prison or probationary term were required to meet the goals of 18 U.S.C. § 3551." *Id.* at 469 n.3 (Wilkins, J., dissenting) (citing *Davenport v. United States*, 353 F.2d 882, 884 (D.C. Cir. 1965)).

### 3. The Present Dispute

Little completed his sixty days of imprisonment on July 8, 2022, and is currently on probation. *See* Gov. Opp'n 4. According to the Government, he has failed to pay either the $500 restitution or the $10 special assessment ordered by the Court. *Id*.

On November 9, 2023, the Court received the mandate from the D.C. Circuit. ECF No. 57. Little moved for the Court to amend the judgment to remove the term of probation, to terminate the term of probation, or to do both. Def. Mot., ECF No. 58. The Government initially moved to hold Little's motion in abeyance pending the D.C. Circuit's decision in *United States v. Caplinger*, No. 22-3057, ECF No. 61, but then withdrew that motion as filed in error, ECF No. 63. The Government then filed an opposition to Little's motion. *See* Gov. Opp'n, ECF No. 65. Little filed a reply. *See* Def. Reply, ECF No. 66.

Little's motion is now ripe for review.

## II.   DISCUSSION

Given the mandate from the D.C. Circuit, the Court must resentence Little. In doing so, double jeopardy principles do not prevent the Court from imposing additional punishment, so long as the Court credits the punishment already served by Little against any further penalty.[1]

---

[1] Little also argues that even if double jeopardy does not require termination of probation, the Court should release him from probation because "[h]e has been compliant with the terms of probation as far as counsel is aware, and presents no future danger to the community." Def. Mot. 10. He also contends that resentencing him to time served without a hearing would be in compliance with the D.C. Circuit's mandate. Def. Reply at 4. However, whenever the Court imposes a sentence, it must carefully consider the factors provided in 18 U.S.C. § 3553(a). The Court will not short-circuit the usual process for considering those factors by deciding the issue at this stage.

### A. Under the Mandate Rule, the Court Must Resentence Little

The D.C. Circuit did not leave Little's remedy as an open question. Instead, it "vacate[d] Little's sentence and remand[ed] to the district court for resentencing." *Little*, 78 F.4th at 461. The mandate rule requires the Court to obey that directive by resentencing Little.

The mandate rule means a district court must do as it was told by the court of appeals. "Under the mandate rule, 'an inferior court has no power or authority to deviate from the mandate issued by an appellate court.'" *Indep. Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 596 (D.C. Cir. 2001) (quoting *Briggs v. Pennsylvania R.R. Co.*, 334 U.S. 304, 306 (1948)); *see also* 28 U.S.C. § 2106 ("The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."). Therefore, "[a] trial court is without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of [the] court deciding the case." *Yablonski v. United Mine Workers of Am.*, 454 F.2d 1036, 1038 (D.C. Cir. 1971) (internal quotation marks and citation omitted).[2]

Little's argument that this Court may disregard the mandate fails for two reasons. He contends that the Court cannot resentence him as instructed because imposing any additional punishment would violate double jeopardy. Def. Mot. 1–2. The first problem with this approach is that the Court does not agree that double jeopardy precludes resentencing in this case, for the

---

[2] The mandate rule applies to criminal sentencing appeals. *See* 18 U.S.C. § 3742(g) ("A district court to which a case is remanded pursuant to [§ 3742(f)(1), which permits a defendant to appeal a sentence "imposed in violation of law," or (f)(2)] shall resentence a defendant in accordance with [§ 3553] and with such instructions as may have been given by the court of appeals . . . .").

reasons stated below. But even if the Court were inclined to agree with Little on that, it still could not flout the mandate of the D.C. Circuit. In arguing that the Court should refuse to resentence him, Little asks the Court to do something it has no authority to do, since the Court lacks discretion to deviate from the mandate. *See Yablonski*, 454 F.2d at 1038.

Similarly, Little's argument that the mandate rule does not apply because the D.C. Circuit did not consider double jeopardy, Def. Reply 2–3, fails because a higher court's decision is binding, even if that decision did not take into account a relevant but unraised argument. Little points out that the briefing on appeal did not raise the double jeopardy argument and that the resulting opinion does not reference double jeopardy. *Id.* 3. But he offers no authority for the radical idea that this absence saps the force of the mandate. His reliance on *Independent Petroleum Association of America v. Babbit* is misplaced. 235 F.3d 588 (2001). In that case, a party argued that the D.C. Circuit had already decided that the party had taken a certain action, and that the mandate rule thus prevented the district court from holding otherwise. *Id.* at 596. The D.C. Circuit rejected this argument on the basis that "[a]lthough some portions of" its earlier "decision may be read to suggest that" the party had taken that action, that question "was not before us, nor decided by us, even by implication." *Id.* at 597.

The Court's point was simply that the mandate rule does not control a district court's decision of a question not actually before or decided by the court of appeals. That is quite different from Little's suggestion that when the court of appeals expressly decides a matter without considering a relevant but unraised argument, its directive to the lower court becomes optional. Were he right, a district court could disregard instructions from above whenever a litigant advanced a previously unraised objection to the otherwise binding decision. That cannot be correct, because "[a] trial court is without power to do anything which is contrary to either the

6

letter or spirit of the mandate construed in the light of the opinion of [the] court deciding the case." *Yablonski*, 454 F.2d at 1038. Accordingly, the Court will not give Little the remedy refused by the D.C. Circuit.

### B. Double Jeopardy Principles Do Not Prevent the Court From Imposing Additional Punishment on Little, so Long as It Credits the Punishment Already Incurred

Principles of double jeopardy do not prohibit the Court from imposing an additional term of imprisonment or probation when it resentences Little, as long as it credits the time already served in prison or probation against any new punishment. Little's argument disregards established principles of law, according to which a defendant who appeals an illegal sentence has no legitimate expectation of finality in that sentence and therefore may be resentenced even if he receives additional punishment and even if he has already served part of the original sentence. Applying these principles, it is clear that in resentencing Little, the Court may impose additional penalties, provided it appropriately reduces the new punishment to reflect the time he has already served of his initial terms of imprisonment and probation.

Little relies on two Supreme Court decisions to argue that because he has already fully served his term of imprisonment, double jeopardy prohibits the Court from imposing any additional punishment. *See* Def. Mot. 2–9. He principally invokes the Supreme Court's decision in *Ex Parte Lange*, 85 U.S. 163 (1873). In that case, the defendant's single statute of conviction permitted imposition of a fine *or* imprisonment, but the judge imposed a maximum prison term *and* a maximum fine. *Id.* at 164. The Supreme Court vacated the sentence and, applying double jeopardy principles, held that because the defendant "had fully suffered one of the alternative punishments to which alone the law subjected him, the power of the court to punish further was gone." *Id.* at 176. Little also cites *In re Bradley*, 318 U.S. 50 (1943). There, as in *Lange*, the

7

judge sentenced the defendant to both a fine and imprisonment although the statute permitted only one or the other. *Id.* at 51. After the defendant had already paid the fine, the court amended the judgment to omit the fine but keep the imprisonment. *Id.* at 51–52. Citing *Lange*, the Supreme Court concluded in a brief opinion that "[a]s the judgment of the court was thus executed so as to be a full satisfaction of one of the alternative penalties of the law, the power of the court was at an end." *Id.* at 52 (citing *Lange*, 85 U.S. at 176). Based on these two cases, Little says that the completion of his term of imprisonment amounts to "full satisfaction of one of the alternative penalties of the law" and that the Court thus lacks authority to further punish him. Def. Mot. 3 (quoting *Bradley*, 318 U.S. at 52). Little's argument fails, however, because the case law does not support such a stark, sweeping reading of *Lange* or *Bradley*.

Indeed, the Supreme Court has read those cases narrowly. In *Jones v. Thomas*, the Court emphasized that in *Lange*, the defendant had already paid the statutorily maximum fine and served five days of his maximum one-year prison sentence when the trial court attempted to resentence him to no fine but a further year in prison. 491 U.S. 376, 383 (1989) (citing *Lange*, 85 U.S. at 175). The Court explained that "*Lange* therefore stands for the uncontested proposition that the Double Jeopardy Clause prohibits punishment in excess of that authorized by the legislature . . . and not for the broader rule suggested by its dictum." 491 U.S. at 383 (citing *United States v. DiFrancesco*, 449 U.S. 117, 139 (1980)). The Court also stated that "we do not think the law compels application of *Bradley* beyond its facts." *Id.* at 386. And based on *United States v. DiFrancesco*, 449 U.S. 117 (1980), the D.C. Circuit has concluded that "the holdings in *Ex parte Lange* and [*United States v. Benz*, 282 U.S. 304 (1931)] now mean only that a court which imposes a sentence greater than that authorized by the legislature subjects a defendant to multiple

8

punishment in violation of the double jeopardy clause." *United States v. Fogel*, 829 F.2d 77, 86–87 (D.C. Cir. 1987).

By now it is well-established that the Constitution does not categorically bar additional punishment at resentencing. In *DiFrancesco*, the Supreme Court held that neither a statutorily authorized government appeal of a criminal sentence nor an increase of the sentence upon post-appeal resentencing violates double jeopardy. 449 U.S. at 132, 136–37. The Court noted that its precedents "clearly establish that a sentence does not have the qualities of constitutional finality that attend an acquittal." *Id.* at 134. And it observed that because the statute clearly permitted appellate review of the sentences at issue, "[t]he defendant . . . has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired." *Id.* at 136; *see also id.* at 139.

From this statement in *DiFrancesco*, the D.C. Circuit has derived the principle that "whether 'an increase in a sentence' violates the Double Jeopardy Clause 'turns on the extent and legitimacy of a defendant's expectation of finality in that sentence.'" *United States v. Casseday*, 807 F. App'x 5, 7 (D.C. Cir. 2020) (quoting *Fogel*, 829 F.2d at 87).[3] When does a defendant not have a legitimate expectation in the finality of a sentence? When "he is or should be aware at sentencing that the sentence may permissibly be increased." *Fogel*, 829 F.2d at 88. "If . . . there is some circumstance which undermines the legitimacy of" the defendant's expectation of finality, "then a court may permissibly increase the sentence." *Id.* at 87.

---

[3] Little asserts that "the 'expectation of finality' cases are not on point for a single-count, alternative-options case like this one." Def. Reply at 6. He seems to read *DiFrancesco* as applying only to instances in which the government appeals the sentence pursuant to specific statutory authorization. *See id.* But there is no warrant to read *DiFrancesco* as limited to its facts when the D.C. Circuit has already used it to distill a broader principle—in a single-count case, no less. *See Fogel*, 829 F.2d at 79.

9

Here, Little lacked a legitimate expectation of finality under *Fogel* because he received an illegal sentence and challenged it on direct appeal. First, Little did not have a legitimate expectation that his sentence was final because it was illegal. *See Fogel*, 829 F.2d at 88 (finding that one reason the defendant had a legitimate expectation of finality was because "an increase in appellant's term of probation was not necessary to bring the sentence into compliance with any statute" as "[t]he originally imposed sentence was not impermissible under the penalty statute"); *see also United States v. Rourke*, 984 F.2d 1063, 1066 (10th Cir. 1992) ("A defendant cannot acquire a legitimate expectation of finality in a sentence which is illegal, because such a sentence remains subject to modification.").

Second, Little did not legitimately expect his sentence to be final because he challenged it on direct appeal. *Fogel*'s holding that the district court violated double jeopardy by "unnecessarily increase[ing]" the defendant's sentence on its own initiative, *Fogel*, 829 F.2d at 80–81, 90, is "inapposite" when, as in this case, the defendant "voluntarily placed his sentence at issue by challenging it." *United States v. Townsend*, 178 F.3d 558, 567 n.1 (D.C. Cir. 1999); *see also United States v. Andersson*, 813 F.2d 1450, 1461 (9th Cir. 1987) ("Andersson has no legitimate expectation of finality in the original sentence when he has placed those sentences in issue by direct appeal and has not completed serving a valid sentence.").

The fact that Little has already served part of his initial sentence does not change the result. An increased punishment is permissible even if the defendant has begun serving the original, illegal sentence, although any punishment already incurred must be credited against the increased punishment. "[T]here no longer exists a *per se* rule that prohibits a court from increasing a defendant's sentence after service has begun." *Fogel*, 829 F.2d at 86–87. A defendant whose initial sentence was "plainly illegal" may receive additional punishment at resentencing. *United*

10

*States v. Evans*, 459 F.2d 1134, 1136 (D.C. Cir. 1972) ("It is well settled that a sentence in all respects legal cannot be increased after the defendant has begun serving it . . . . A sentence plainly illegal, however . . . may be corrected even after the defendant has begun serving it.") (citations omitted) (collecting cases); *see also Hayes v. United States*, 249 F.2d 516, 518–19 (D.C. Cir. 1957) ("True it is that defendant had begun to serve time; but as we read [*Bozza v. United States*, 330 U.S. 160 (1947)] this time was not lawful punishment the augmentation of which, to make the sentence equal to the statutory penalty, constituted double jeopardy."); *Davenport v. United States*, 353 F.2d 882, 884 (D.C. Cir. 1965) (affirming the holding of *Hayes* "that a defendant who successfully attacks an invalid sentence can 'be validly resentenced though the resentence increased the punishment'" (quoting *Hayes*, 249 F.2d at 517)). Therefore, because Little's sentence was illegal, he can receive further penalties at resentencing.

This is not a case in which imposing an additional penalty would fall afoul of the *Lange* rule that a defendant cannot be made to suffer greater criminal punishment than that prescribed by the legislature. *See Fogel*, 829 F.2d at 86–87 (citing *Lange*, 85 U.S. 163). The defendant in *Lange* had already paid the maximum fine permitted by law, *Lange*, 85 U.S. at 164, and so any further penalty would have resulted in his total punishment exceeding the maximum set by Congress. In contrast, although Little has fully served his term of imprisonment, those two months fall well short of the statutory maximum of six months. *See Little*, 590 F. Supp. 3d at 343.

And Little is misguided in arguing that under *Bradley* he can suffer no further penalty because "one valid alternative provision of the original sentence has been satisfied" by his completion of the term of imprisonment imposed. Def. Mot. 3 (quoting *Bradley*, 318 U.S. at 52). Little can receive additional punishment so long as the Court credits the punishment already incurred against the new punishment. In *Thomas*, the Supreme Court explained that the

11

"alternative sentences in *Bradley*" of fine and imprisonment "were of a different type," meaning that "it would not have been possible to 'credit' a fine against time in prison."  491 U.S. at 384.  By contrast, "crediting time served under one sentence against the term of another has long been an accepted practice."  *Thomas*, 491 U.S. at 384 (citing *North Carolina v. Pearce*, 395 U.S. 711 (1969)).  Crediting time ensures the defendant's punishment does not exceed the maximum prescribed by the legislature, which would violate *Lange*.  *See Fogel*, 829 F.2d at 86–87 (citing *Lange*, 85 U.S. 163); *cf. Pearce*, 395 U.S. at 718–19 ("[T]he constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense."), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 798–803 (1989).

Accordingly, the Court may impose an additional punishment on Little so long as it appropriately credits the time Little served in prison and on probation against the punishment.  *See United States v. Lominac*, 144 F.3d 308, 318 (4th Cir. 1998) ("Unlike the monetary sanction of a fine, which cannot be converted into an equivalent temporal sanction, Lominac's term of supervised release restrained his liberty for a known period of time that can be credited against any future sentence of imprisonment. Accordingly, *Bradley* does not bar resentencing."), *abrogated on other grounds by Johnson v. United States*, 529 U.S. 694 (2000); *United States v. Martin*, 363 F.3d 25, 38 (1st Cir. 2004) ("[W]e join other courts of appeals in holding that these similarities [between probation and imprisonment] are sufficient to allow crediting of probation against imprisonment" upon resentencing after an appeal) (collecting cases).

If the Court decides to impose additional punishment, it must reduce that punishment to reflect the punishment already incurred by Little of 60 days' imprisonment and approximately 18 months' probation.  *See Thomas*, 491 U.S. at 384.  In crediting time served on probation against a

later sentence of imprisonment, or vice versa, the Court would not engage in a "day-to-day offset" because probation is much less onerous than imprisonment. *See Martin*, 363 F.3d at 39. If the Court chooses to impose additional punishment, it will use its judgment to select an appropriate, fact-sensitive ratio based on "the specific conditions of [the defendant's] probation and the effect of a sentence reduction on the underlying purposes of the Guidelines as set out in 18 U.S.C § 3553(a)." *Id.*

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Little's Motion to Alter the Judgment is **DENIED**. Resentencing remains set for January 25, 2024.

**IT IS SO ORDERED.**

Date: 1-17-24

Royce C. Lamberth
United States District Judge