PROB 12A (NCW Rev. 2/13)

# UNITED STATES DISTRICT COURT
Western District of North Carolina

### Report on Offender Under Supervision



*Let this be filed.
Copies to Counsel
Renee C. Smith, re sup*
*1/23/24*

Name of Offender: **James Little**                                 Case Number: 21-CR-315 (RCL)

Name of Sentencing Judicial Officer: The Honorable Royce C. Lambert, US District Judge

Date of Original Sentence: 3/14/2022                             Register Number: 36398-509

| | |
|---|---|
| Original Offense: | **Count Four**: 40 USC § 5104(e)(2)(G), Parading, Demonstrating or Picketing in a Capitol Building |
| Original Sentence: | 3/14/2022: The defendant was sentenced to sixty (60) days imprisonment followed by 36 months (3 years) probation. |
| | **Additional Probation Terms:** 1) The Court authorizes supervision of this case to be transferred to the United States District Court for the Western District of North Carolina. |
| | 2) You are ordered to make restitution to Architect of the Capitol Building in the amount of $500. Restitution payments shall be made to the Clerk of Court for the United States District Court, District of Columbia. |
| | **Special Conditions:** 1) Social Media Restriction- You shall not access, view or use any online social media, chat services, blogs, instant messages, SMS, MMS, digital photos, video sharing websites, emails or any other interactive, online or electronic communication applications or sites without the approval of the Probation Officer. |
| | 2) The Probation Office shall release the presentence investigation report to all appropriate agencies, which includes the United States Probation Office in the approved district of residence, in order to execute the sentence of the Court. Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment. |
| Amended Sentence: | 3/14/2022: All previous conditions from the original judgement remain in effect. The United States Marshals number was updated. |
| | 8/18/2023: Sentenced vacated and case remanded to the District Court for resentencing. |

Type of Supervision: Probation                                    Date Supervision Commenced: 7/8/2022

---

On 7/13/2022, Mr. Little participated in the Assessment and Orientation at the Hickory Supervision Divisional Office. During this time, all conditions of probation were explained in detail. Mr. Little had concerns regarding the Social Media Restriction additional probation term special condition. At my discretion, Mr. Little was allowed to utilize social media. We discussed the expectations associated with the same; additionally, he was advised that any conduct that appears detrimental or otherwise undermining public safety or the United States government would be addressed accordingly; hence, he would no longer be allowed to utilize the aforementioned. On this date, Mr. Little additionally submitted a urine sample, which returned negative results for the use of any illegal drugs.

As part of the assessment process, Mr. Little was administered the Post-Conviction Risk Assessment (PCRA), which, in part, is a seventy-five (75) question questionnaire scientifically based assessment instrument utilized to determine the likelihood of offenders reoffending. The assessment takes into consideration certain life areas, such as Employment/Employment, Criminal History, Alcohol/Drug, Social Networks, Cognitions Domains. The assessment also includes a violence assessment, which is an objective, quantifiable instrument that provides a consistent and valid method of predicting the risk of committing a violent offense. Mr. Little scored Low/Category 1. Offenders in this category have a 3% arrest rate and a < 1% revocation rate within the next 6 months at the time of the assessment. As explained above, a violence assessment was also completed. Mr. Little scored Low on the PCRA and has 1 factor present on the Violence

PROB 12B (NCW Rev. 4/08)                                                         2                                                      Little, James
                                                                                                                                        0104 1:21CR00315

Risk Assessment. Consequentially, he is in the 13.4% range, which leads to a classification of Category 1 risk for committing a violent offense. Ultimately, Mr. Little in this category had a violent arrest rate of 1%, a consistent and valid method of predicting the risk of committing a violent offense. As a result of the PCRA score, Mr. Little was enrolled in the low-risk compliant program. The low-risk compliant program (LRCP) is viewed as a privilege and is only available to a particular group of offenders based on certain criteria, mainly, those who score low on the PCRA, as Mr. Little had. The case is then staffed with a supervisor to ensure the assessment was completed correctly, which in this case confirmed the same.

On 10/26/2022, during a standard home contact, Mr. Little indicated he planned to sue the Charlotte Observer, a public media outlet based in Charlotte, North Carolina, due to the information reported about him regarding the instant offense. Mr. Little felt it was bias. He additionally mentioned appealing his conviction and, in a joking manner, through open conversation, referred to the District of Columbia as the District of Criminals. During this particular home contact, I advised Mr. Little that I preferred not to discuss politics during our conversations. It should be noted that Mr. Little was respectful while voicing his opinions during the contact.

On 11/18/2022, Mr. Little was enrolled in the low-risk compliant program, as a result, his case was transferred within district to another United States Probation Officer whom sole responsibility is supervising low risk cases. However, Mr. Little failed to comply with the program by not calling in monthly as required. Therefore, on 3/16/2023, the case was returned to a generalist caseload for supervision. The low-risk compliant program is a privilege, it is common practice for a case that has been noncompliant with the LRCP to be returned to a general case load without a petition to the court being filed. The privilege within the program is frequency of physical supervision with a officer, and the majority of communication is conducted remotely. Mr. Little regularly openly speaks of his interpretation of the First Amendment and how he feels his voice is being silenced. The Supervisory United States Probation Officer (retired) indicated through email exchange that Mr. Little refused to comply with his officer's instructions, regarding, payment of restitution, refusing to enroll in Electronic Reporting System (ERS), and refusing to comply with the additional probation term special condition requiring social media restrictions. It should be noted that each officer had discretion on how they wanted to address the social media restriction term.

On 7/24/2023, I received information from the North Carolina State Bureau of Investigation (NCSBI)-Information Sharing and Analysis Center (ISAAC) and the Federal Bureau of Investigations (FBI). Both agencies had the same complaint and identical witness. The complainant submitted a complaint form on the NCSBI website about Mr. Little's social media videos, specifically on YouTube, where Mr. Little has a channel. I personally spoke to the victim, who indicated they and the defendant were friends at one time and drank alcoholic beverages together. The complainant is also familiar with Mr. Little's family and feels he is entitled. The complainant indicated they had not had any communication with Mr. Little in two years and did not like him being on social media. In response to the complainant and after speaking with the complainant, our office conducted an independent investigation that included a search of all known social media platforms, including Facebook and YouTube. Mr. Little was advised due to an anonymous tip he is not allowed to utilize social media until our office had completed the investigation and reviewed his social media accounts. After reviewing the aforementioned, and staffing the case with upper management, to include the Western District of North Carolina Attorney Advisor, it was determined that Mr. Little may continue utilizing social media, as long as he is not communicating threats, making any threats towards the government, or voices plans of overthrowing the government. It should be noted, a fair portion of his social media content is playing a guitar, singing songs, and religious activity. Mr. Little has mentioned members of the government but has never threatened or insinuated any threats. He solely voices his opinion.

In conclusion, Mr. Little's adjustment to supervision has been marginal. Mr. Little is a resident of Catawba County, NC, where he resides with his mother. His mother is a positive, prosocial peer who encourages positive behavior. Mr. Little is not in a serious romantic relationship and occasionally goes on dates. Throughout this period of probation, Mr. Little has consistently attended Alcoholics Anonymous at several locations. It does appear that his sobriety is an aspect of his life that he takes seriously. Additionally, Mr. Little has not submitted a positive urine sample for any illegal drugs or tested positive for alcohol. Mr. Little has had several jobs while on probation. His most consistent employment being at BoxCar Grille (part-time). In December 2023, he reported securing additional employment at Goodwill (seasonal). Mr. Little has not made an effort towards satisfying the outstanding $10 assessment (balance $10) and $500 restitution (balance $500) fees. I have emailed Mr. Little the appropriate information needed to make a payment towards outstanding restitution. However, Mr. Little voices invalid excuses and circles the conversation back to how he feels his voice is being silenced. Mr. Little believes strongly in his religion and at times, will utilize his beliefs as a religious person, to guide conversations and to justify actions and his viewpoint. Although Mr. Little has been respectful from an officer, client perspective, he is opinionated and discusses his political views on a consistent basic, during public and private conversations. Mr. Little demonstrates behavior consistent with entitlement. This assertion is based on conversations with Mr. Little and his inability to fully accept responsibility for his actions. He often refers to himself as a patriot and appears to enjoy anyone who agrees with his ideology. Mr. Little has always been respectful to this United States Probation Officer. In my professional opinion, Mr. Little's biggest problem is minimizing his actions and attempting to justify the same. He regularly

PROB 12B (NCW Rev. 4/08)  3  Little, James
0104 1:21CR00315

states he was simply parading at the Capitol Building without taking accountability or thinking of the legal consequences of the unlawful situation. I have reviewed an assortment of social media videos Mr. Little has posted to social media. None of the videos threatened the United States of America, a specific person, or organization. In Mr. Little's mind, he is disappointed with how the government operates and ironically how the integrity of the United States is in jeopardy. Mr. Little is not a member of any extreme organization, and based on my prior experience as a Security Threat Group investigator, Mr. Little is not part of the sovereign citizen movement. I hope this information assists you. If you have any questions, feel free to contact me directly at (828) 228-4066. Thanks for the opportunity to provide insight.

Respectfully submitted,
By  s/ Jordan Horton
Jordan Horton
Probation Officer
101 Government Ave, SW Suite A
Hickory, NC 28602
828-267-3513
Date: January 19, 2024

Approved by: s/ Jackie Anderson
Jackie Anderson
Supervising U.S. Probation Officer
828-267-3511
Date: January 22, 2024