UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-cr-315 (RCL) |
| : | |
| JAMES LITTLE : | |
| : | |
| *Defendant.* : | |

## MOTION TO IMPOSE CONDITIONS OF RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court impose appropriate conditions of release on Defendant James Little (Little) for the duration of his release pending appeal.

On January 25, 2024, this Court resentenced Little to a term of imprisonment of 150 days with credit for the 60 days already served in prison, and an additional 30 days of credit for the 18 months that Little served on probation, leaving 60 days of imprisonment remaining to be served.[1] ECF 74 at 2. At sentencing, Little moved for release pending appeal pursuant to 18 U.S.C. § 3143(b). The Court denied this motion. Little appealed and asked the D.C. Circuit to grant his motion for release pending appeal. ECF 76, *see also* ECF 79. The Circuit granted the motion for release pending appeal and explicitly noted that its order doing so "is without prejudice to the government filing a motion in district court requesting imposition of conditions of release pending appeal." ECF 79. The Government respectfully requests that the Court impose such conditions of release pending appeal as it finds appropriate, including those conditions previously imposed on Little while on release.

---

[1] As noted in the Court's Notes for Resentencing, the written judgement and commitment order imposes a sentence of 120 days to ensure that Little "effectively receives [30 days'] credit from the Bureau of Prisons for the time served on probation. *See* ECF 73 at 1 n.1.

1

The Court is well familiar with this case and the Government does not believe further recitation of the facts applicable here would aid the Court. The Government incorporates by reference its prior positions outlining the nature of Little's charged offense and his conduct while under supervision both while incarcerated and on probation, including reference to the Probation Officer's report, filed before resentencing, in support of this motion. ECF 31 (Sentencing Memorandum), ECF 71 (Resentencing Memorandum), ECF 72 (Probation Report).

Little has been subject to supervisory conditions of pre-trial release and/or conditions of probation since his arrest in March of 2021. *See* ECF 10 (setting conditions of release), ECF 52 (setting conditions of probation). This Court should again enter those same conditions of release for the duration of Little's release pending resolution of his appeal, for all the same reasons the Court imposed those conditions previously. These conditions should remain in effect until resolution of his appeal, which the Circuit has indicated will be heard, initially, in September of this year. ECF 79 (directing the clerk to calendar the appeal for September 2024).

## ADDITIONAL DEVELOPMENTS

Beyond those issues discussed above, conditions of release are particularly appropriate here given Little's continued public statements that demonstrate a lack of remorse and a need for continued supervision pending the resolution of this appeal.

For example, following the resentencing on January 25, 2024, Mr. Little posted the following Facebook posts on the dates as indicated below:



*Figure 1: Facebook post from January 29, 2024*

3



*Figure 2: Facebook post from February 1, 2024*



*Figure 3: Facebook post from February 6, 2024*



*Figure 4: Facebook post and comments from February 17, 2024 (part 1, cont.) (other poster information redacted)*



*Figure 5: Facebook post and comments from February 17, 2024 (part 2, cont.) (other poster information redacted)*



*Figure 6: Facebook post and comments from February 17, 2024 (part 3) (other poster information redacted)*

The imposition of previously imposed supervisory conditions is appropriate for the same reasons that the Court previously imposed those conditions. Moreover, Little's post-resentencing public statements underscore the need for continued supervision while released pending resolution of his appeal.

## CONCLUSION

For all these reasons, this Court should enter an order setting appropriate conditions of release pending appeal for Defendant James Little.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

By:    */s/ Patrick Holvey*
        PATRICK HOLVEY
        DC Bar No. 1047142
        Assistant United States Attorney
        United States Attorney's Office
        601 D Street N.W.
        Washington, D.C. 20530
        Telephone: 202-252-7224
        Patrick.Holvey@usdoj.gov

## CERTIFICATE OF SERVICE

On this 23rd day of February, 2024, a copy of the foregoing was served upon all parties via the Electronic Case Filing (ECF) System.

*/s/ Patrick Holvey*
PATRICK HOLVEY
DC Bar No. 1047142
Assistant United States Attorney
United States Attorney's Office
601 D Street N.W.
Washington, D.C. 20530
Telephone: 202-252-7224
Patrick.Holvey@usdoj.gov
