IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES LESLIE LITTLE,<br><br>Defendant. | Case No. 1:21-CR-315 (RCL) |

**RESPONSE IN OPPOSITION TO GOVERNMENT
MOTION FOR ADDITIONAL RELEASE CONDITIONS**

James Little, through undersigned counsel, files this response in opposition to the government's motion for additional conditions of release (Doc. 80). The government's motion does not identify the appropriate statutory standard for evaluating whether additional conditions are needed. And when that standard is evaluated, the Court should conclude that no additional conditions are warranted.

At resentencing on January 25, 2024, this Court permitted Little to voluntarily surrender to serve his incarceration. During this period, the U.S. Probation Office for the District of Columbia required Little to maintain contact via a weekly check-in call, and he provided a written signature promising to do so. Moreover, the Probation Office informed Little that any failure to follow the check-in instructions could result in the revocation of his ability to voluntarily surrender. Little has complied with these check-in instructions, and the Probation Office has not alerted counsel of any compliance issues.

1

On February 22, 2024, the D.C. Circuit granted Little's motion for continued release pending appeal under 18 U.S.C. § 3143(b). The order has the effect of staying the execution of Little's sentence until the conclusion of the appeal. In granting Little's motion, the D.C. Circuit observed that its release order "is without prejudice to the government filing a motion in district court requesting imposition of conditions of release pending appeal."

The government has now filed such a motion. However, the government's motion does not identify the relevant statutory standard. For a defendant granted release pending appeal, the governing statute authorizes release "in accordance with section 3142(b) or (c) of this title." 18 U.S.C. § 3143(b)(1). Section 3142(b), in turn, authorizes the Court to release a defendant "on personal recognizance" unless "such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If—and only if—the Court determines that a "personal recognizance" release "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," then the Court is authorized to impose additional conditions. 18 U.S.C. § 3142(c)(1).

As applied here, the government has not satisfied its statutory burden to show that additional conditions are necessary to either "reasonably assure [Little's] appearance" or to prevent Little from "endanger[ing] the safety of any other person or the community." To begin, Little has appeared voluntarily for every hearing in

this matter, and he voluntarily surrendered to BOP for service of his initial 60-day sentence in 2022. No additional conditions are needed to ensure Little's appearance.

Next, Little has not endangered anyone's safety at one point in time. His conviction is for a single petty offense, and the government has conceded from the outset that he was not armed on January 6, did not engage in any violence that day, did not damage any property within the Capitol that day, and did not destroy any evidence related to his offense. *See* Doc. 31, at 8-9. Likewise, during his periods outside of custody in the past three-plus years, Little has done nothing to endanger the safety of others or his community. The government does not contest any of these facts in its motion, and it nowhere suggests that continued release would endanger anyone.

Instead, the government supports its motion by stating that Little's social media posts "demonstrate a lack of remorse and a need for continued supervision." Doc. 80, at 2. But "a lack of remorse" is not a sufficient basis for additional conditions under § 3142(b). Moreover, the posts cited by the government are core political speech protected by the First Amendment. As this Court itself said at the resentencing, "Mr. Little has a right under the First Amendment . . . to explain again today that he thinks he was politically prosecuted for political motives." *See* Transcript of Resentencing Hearing, *United States v. Little*, Cr. No. 21-315 (D. D.C. Jan. 25, 2024), at 29. The government's motion establishes only that Little has exercised this First Amendment right in the weeks since his resentencing. Nothing in the posts indicates that Little poses a present or future danger to anyone. And it

would be improper to for the Court to impose additional conditions because of Little's choice to exercise his First Amendment rights, especially when this Court expressly stated at the resentencing hearing that Little was permitted to do so.

In sum, the government's request for additional conditions does not satisfy the statutory standard for such conditions. This Court should deny the government's motion for that reason alone.

In addition, or in the alternative, the government's request should also be rejected for a second reason. In seeking to impose the same "conditions of probation" that Little was previously subjected to (*see* Doc. 80, at 2), the government is essentially seeking—yet again—to punish Little with both imprisonment *and* probation. But the D.C. Circuit has held that such a dual punishment is prohibited, and this Court chose at resentencing to impose additional imprisonment rather than extended probation. The government's effort to impose the exact same conditions at this time would amount to an end-run around both the D.C. Circuit's holding and this Court's decision at resentencing. The government's request should be rejected for that reason as well.

\*   \*   \*

For these reasons, this Court should deny the government's motion and allow Little to remain in the same status during the appeal that he has been in while awaiting designation.

Respectfully submitted,

John G. Baker
Federal Public Defender

/s/ Joshua B. Carpenter
Joshua B. Carpenter
Appellate Chief
1 Page Avenue, Suite 210
Asheville, NC 28801
Joshua_Carpenter@fd.org

Date: February 27, 2024