UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

**v.**

**JAMES LITTLE,**

*Defendant*.

**Case No. 1:21-cr-315-RCL**

**MEMORANDUM ORDER**

The D.C. Circuit vacated James Little's original sentence and remanded for resentencing. *See United States v. Little*, 78 F.4th 453, 461 (D.C. Cir. 2023). On January 25, 2024, the Court resentenced Little. The Court ordered Little committed to the custody of the Bureau of Prisons for a term of 150 days with 60 days' credit for time served and 30 days' credit for the 18-month term of probation served. *See* Min. Entry (Jan. 25, 2024). Little moved for release pending appeal, which the Court denied. After filing a notice of appeal, ECF No. 76, Little made a motion for release to the D.C. Circuit. The Circuit granted his motion, "without prejudice to the government filing a motion in district court requesting imposition of conditions of release pending appeal." *United States v. Little*, No. 24-3011 (D.C. Cir. appeal docketed Jan. 31, 2024), Doc. No. 2041724. The government then moved to impose conditions of release. *See* Gov. Mot., ECF No. 80. Little filed an opposition, Opp'n, ECF No. 81, and the government filed a reply, Reply, ECF No. 82.

Upon consideration of the briefing, the relevant authorities, and the record as a whole, the Court will **GRANT** the government's motion and will impose conditions of release similar to those imposed on Little when he was on pretrial release.

## I. LEGAL STANDARD

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." Fed. R. Crim. P. 46(c). Under § 3143, once it is established that the defendant is entitled to release pending his appeal, the court "shall order the release of the person in accordance with" §§ 3142(b) or (c). § 3143(b)(1). If the court determines that release of the person on personal recognizance or an unsecured appearance bond "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," then the court is to order the release of the person on conditions. § 3142(c)(1). These conditions must include "the condition that the person not commit a Federal, State, or local crime during the period of release" and a condition requiring the person to cooperate in the collection of a DNA sample if statutorily authorized. § 3142(c)(1)(A). The conditions may also include "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" § 3142(c)(1)(B).

Rule 46(c) further provides that "[t]he burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c).

## II. DISCUSSION

To protect public safety, the Court will subject Little's release to conditions. In particular, it will impose nearly the same conditions as those to which he was subject while on pretrial release, because these represent the least restrictive combination of conditions that will reasonably assure public safety.

Releasing Little without conditions would endanger public safety. Even if Little did not personally engage in violence on January 6, 2021, he is wrong to assert that he "has not endangered

anyone's safety at one point in time." Opp'n 3. Little contributed to the violence on January 6. As the D.C. Circuit explained in discussing a misdemeanor defendant who "was neither violent nor destructive," Little's "entry into the Capitol—alongside dozens of others—directly contributed to the Congress's need to recess to ensure the safety of its members" because "[e]ach additional person, no matter how modestly behaved, increased the chaos within the building, the police' difficulty in restoring order and the likelihood of interference with the Congress's work." *See United States v. Alford*, 89 F.4th 943, 946, 953 (D.C. Cir. 2024).

Despite Little's actions on January 6, the Court has already recognized Little's "clear lack of remorse." *See United States v. Little* (*Notes for Resentencing*), No. 1:21-cr-315 (RCL), 2024 WL 386718, at *1 (D.D.C. Jan. 25, 2024). As the nation approaches the 2024 presidential election, there is a serious risk that Little will once more contribute to political violence. The Court fears he will do so unless he is subject to appropriate conditions of release. The Court therefore concludes that conditions of release are necessary to protect the public. It is satisfied that the conditions to which Little was subject while on pretrial release represent the least restrictive combination of conditions that will reasonably assure that Little does not endanger any other person or the community. It will therefore reimpose those conditions, with slight modifications.

## III. CONCLUSION

The Court therefore **ORDERS** that the defendant's release is subject to the following conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must submit to supervision by and report for supervision to the courtesy supervision of the Western District of North Carolina.

(5) The defendant must notify the pretrial services office or supervising officer in advance of any travel outside the Western District of North Carolina.

(6) The defendant must not possess a firearm, destructive device, or other weapon.

(7) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(8) The defendant must submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

(9) The defendant must not enter Washington, D.C. except for court proceedings, consultations with attorneys, Probation Office or Pretrial Services Agency business.

Pursuant to 18 U.S.C. § 3142(h)(2), the defendant is **ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is

an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. Since you were convicted of a misdemeanor, you could be fined not more than $100,000 or imprisoned not more than one year, or both. A term of imprisonment imposed for failure to appear or surrender would be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

**IT IS SO ORDERED.**

Date: 3-1-24

Royce C. Lamberth
United States District Judge