IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES LESLIE LITTLE,<br><br>Defendant. | Case No. 1:21-CR-315 (RCL) |

**RESPONSE IN SUPPORT**

James Little, through undersigned counsel, hereby files this response in support of the government's motion to dismiss filed on February 27, 2025. As explained below, the government's motion is procedurally proper, and motions in similarly situated cases have been granted. Accordingly, Mr. Little respectfully requests that the Court grant the government's motion and dismiss the information in his case.

In support of this motion, Mr. Little submits the following:

1. On January 25, 2024, this Court conducted a resentencing hearing in Little's case. The court imposed a prison sentence of 150 days while providing credit of 30 days against that sentence for the 18 months of time served on probation and 60 days for the prison time served on the original sentence. Little appealed following the resentencing, arguing that the double jeopardy clause prohibited this

1

Court from imposing a prison term of greater than 60 days because Little had already fully served his original 60-day prison term.

2. On December 20, 2024, the D.C. Circuit issued a published opinion that affirmed Little's sentence and rejected his double jeopardy argument. *See United States v. Little*, 123 F.4th 1360 (D.C. Cir. 2024).

3. Little has sought and received an extension of time until May 19, 2025, in which to file a petition for certiorari in the Supreme Court. *See Little v. United States*, Sup. Ct. No. 24A868 (application granted March 14, 2025).

4. On January 20, 2025, the President issued an Executive Order titled "Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021." Among other things, that Order directed the Attorney General to seek dismissal with prejudice of all pending cases against individuals for "conduct related to the events at or near the United States Capitol on January 6, 2021."

5. Based on that Executive Order, the government moved pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure to dismiss the information against Mr. Little with prejudice. That motion was filed on February 27, 2025, and it remains pending before this Court.

6. The government's motion is procedurally proper because Rule 48(a) provides the government with the ability to dismiss a charge where the defendant's conviction is not yet final. *See United States v. Burdeau*, 168 F.3d 352, 359 (9th Cir. 1999) ("Under Federal Rule of Criminal Procedure 48(a), the government has the

power to move to dismiss any count of the indictment as long as the defendant's appeal is pending and the decision is therefore not final."); *United States v. Knight*, 981 F.3d 1095, 1109 (D.C. Cir. 2020) (holding, in a case on direct appeal, that ""[e]ven now, the prosecution may seek dismissal of some or all of the charges against Thorpe under Rule 48(a) of the Federal Rules of Criminal Procedure.") (citing *Rinaldi v. United States*, 434 U.S. 22 (1977)). In fact, the D.C. Circuit has even held that a district court has jurisdiction to address a Rule 48(a) motion filed after a conviction becomes final; any challenge to the applicability of Rule 48(a) in that scenario is a "non-jurisdictional" claim that is waived or forfeited if not raised by the opposing party. *See United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006) (holding that a defendant forfeited a challenge to the "appropriate use" of Rule 48(a) "by failing to object below").

7. As applied here, Mr. Little's conviction is not yet final because the time in which to file a petition for certiorari has not expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003) ("a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). Moreover, to the extent the procedural posture of Mr. Little's case could provide the basis for a "non-jurisdictional" challenge to the government's motion, Mr. Little waives any such challenge.

8. A similar situation was presented in *United States v. Brown et al.*, No. 1:21-cr-00178. In that case, the D.C. Circuit issued a published opinion on January 17, 2025, which affirmed the convictions of two defendants (Markus Maly and

Jeffrey Brown) while vacating one conviction and remanding for further proceedings regarding the third defendant (Peter Schwartz). The D.C. Circuit issued its mandate in the regular course on March 13, 2025. On the next day, March 14, 2025, the government filed a motion to dismiss the charges against all three defendants under Rule 48(a) based on the January 20 Executive Order. Judge Mehta granted the government's motion that same day in a minute order that included the following explanation:

> Insofar as (1) the D.C. Circuit remanded Defendant Schwartz's case for further proceedings and resentencing and (2) the convictions of Defendants Brown and Maly are not yet final, *Clay v. United States*, 537 U.S. 522, 527 (2003) (holding, as relevant here, that a criminal conviction becomes final when the time for filing a certiorari petition expires), the court believes that it continues to have the authority to consider a motion to dismiss the indictment under Federal Rule of Criminal Procedure 48(a). Based then on the government's request, the court hereby dismisses with prejudice the Second Superseding Indictment against Defendants Schwartz, Brown, and Maly.

*   *   *

For these reasons, Mr. Little respectfully requests that this Court grant the government's motion and dismiss the information in this case with prejudice.

Respectfully submitted,

John G. Baker
Federal Public Defender

/s/ Joshua B. Carpenter
Joshua B. Carpenter
Appellate Chief
1 Page Avenue, Suite 210
Asheville, NC 28801
Joshua_Carpenter@fd.org

Date: March 31, 2025